## WILLIAM SLAGEL, Appellant, v. CHAS. H. NOLD LUMBER COMPANY, Respondent.

**Kansas City Court of Appeals, November 1, 1909.**

1. **MASTER AND SERVANT:** 'Assurance of Safety: Contributory Negligence. Where a driver, on top of a load of lumber, in daylight, slowly approaches an overhanging joist supporting a lumber shed and attempts to drive under, and in stooping is caught in the back by the joist and injured, he cannot recover damages of the master, notwithstanding the latter had told him before he started that he could get through safely.

2. **MASTER AND SERVANT:** Assurance of Safety: Duty of Servant. An assurance of safety does not relieve the servant of an exercise of common sense and prudence in avoiding a patent danger.

Appeal from Buchanan Circuit Court.—*Hon. L. J. Eastin,* Judge.

AFFIRMED.

*Mytton & Parkinson* for appellant.

When the facts are disputed, or undisputed, if different minds might honestly draw different conclusions from them, the case should properly be left to the jury, and in order to withdraw a case from the jury the facts should not only be undisputed, but the inference to be drawn from the facts must also be undisputed. Mc-Lain v. Railroad, 100 Mo. 284; Chouquette v. Barada,

28 Mo. 491; Baldwin v. Springfield, 141 Mo. 205. Where a servant apprehends that his place of work is unsafe, but relies upon the master's assurance that it is safe and is afterwards injured because of its unsafe condition without contributory negligence the master is liable. Burkhard v. Leschen & Sons Rope Co. (Mo.), 117 S. W. 35; Swearingen v. Mining Co., 212 Mo. 524; Herdler v. Stove & Range Co., 136 Mo. 16; Sullivan v. Railroad, 107 Mo. 66. Under the law and the evidence the case made by the plaintiff should have been submitted to the jury for its consideration.

*Allen, Gabbert & Mitchell* for respondent.

There must be a direct connection between the negligent act complained of and the injury. In this case there is no such direct connection—not even a casual connection. After plaintiff claims to have received the alleged assurance he drove the length of his wagon looking directly at the stationary joist with which he collided. The assurance was not the proximate cause of the injury. Warner v. Railroad, 178 Mo. 125; Goransson v. M'fg. Co., 186 Mo. 300. The danger incident to driving under this shed was patent, open and obvious. Plaintiff assumed the risk of injury notwithstanding assurance of foreman. Knorpp v. Wagner, 195 Mo. 637; Epperson v. Postal Telegraph, 155 Mo. 346; Watson v. Coal Co., 52 Mo. App. 366; Fugler v. Bothe, 117 Mo. 475. Plaintiff's injury was occasioned solely from causes under his own control. The place itself was not dangerous and the use of the place and manner of his using it being entirely under the control of plaintiff he cannot recover. Blundel v. Mfg. Co., 189 Mo. 552; Smith v. Box Co., 193 Mo. 715; Knorpp v. Wagner, 195 Mo. 666; Holmes v. Brandebraugh, 172 Mo. 66; Hollaran v. Foundry, 133 Mo. 477; Mathis v. Stock Yards Co., 185 Mo. 456. The assurance complained of by plaintiff was that he could go through the shed with safety.

138 App.—28

There was no assurance that he could get through riding in any particular position or manner. The manner and method of getting through was left to plaintiff. He used his own discretion. He saw and knew the space he had to drive through. He, of his own free will and without any assurance of safety in so doing, chose to lean forward as he approached the joist. His injury was the result of his own miscalculation of distances, for which defendant is not liable. Knorpp v. Wagner, 195 Mo. 666.

ELLISON, J.—This action is for personal injury. Defendant was the owner of a lumber yard and in the prosecution of the business was engaged in the hauling of large loads of lumber from the yard, the plaintiff being one of his teamsters. On the forenoon of the 7th of April he was driving a gentle team with a large load of lumber out of the yard and in doing so it was necessary to drive under a shed and out at an opening. The joist at the point in controversy supporting the roof of the shed, was eight feet and six inches above the ground. The top of the load of lumber was seven feet and three inches above the ground, leaving a space of fifteen inches between the top of the load and the joist where the wagon should pass out from under the shed. Plaintiff was sitting on top of the load. Before starting he made inquiry of the foreman if he could get through safely and was told "Yes, go ahead. There's men on bigger and higher loads than that that have driven through there hundreds of times." He then drove under the west end of the shed, but, as stated by him, the ground rises a little approaching the east end, "and as I drove under the east end of the shed I stooped to get under; I stooped as low as I could, and the joist or cross beam caught me at the back of the neck and shoulders and crushed my back."

The trial court sustained a demurrer to the evidence and plaintiff has brought the case here.

Notwithstanding the assurance given to plaintiff that he could drive under the shed, we are of the opinion that the trial court took the proper view of the case.  An assurance of safety to the servant cannot be allowed to control his action as to that which is patently open to his observation.  In cases of this nature apparently small differences in fact make a great difference in legal result.  If plaintiff had been assured he could drive through safely and on once starting could not clearly see where he was going or the conditions into which he was moving; or, if he could see but could not stop after starting, we would have a totally different case from the one the record shows in this instance.  Here the foreman told the plaintiff he could drive through, but the latter evidently saw or should have seen, as he slowly approached the place, that he could not pass under unless he laid down on the load or at least stooped quite low.  There was no disturbance with his team or his wagon or harness, nor did anything happen to distract his attention.  It was merely for him to indulge in a matter of common observation.  It will not be pretended that he understood the foreman to say that he could get under by standing or sitting upright on the wagon.  It was plainly nothing more than an assurance that he could get under, and so he could have, by lying down or stooping quite low.

Besides, notwithstanding an assurance of safety, the servant must not abandon all exercise of common sense and prudence.  The situation in which plaintiff found himself did not involve a question of expert knowledge, or of superior knowledge of the foreman.  As he came to the low place he was in position to exercise better knowledge that the foreman had.  We could well say here as was remarked by Judge LAMM in Knorpp v. Wagner, 195 Mo. l. c. 666, that "In pleading plaintiff's ignorance and defendant's knowledge, the learned counsel for respondent (appellant) doubtless

had in mind pronouncements of courts in this class of cases, wherein there always appears an element of ignorance on the part of the servant and superior knowledge necessarily implied on the part of the master. . . . The trouble with respondents' (appellants') case is that *he* had the superior knowledge . . ." of conditions at the *time* of his injury. We have recently had cases in this court bearing directly on the rule applicable to the facts shown by this record. [Meyers v. Glass Co., 129 Mo. App. 556; Pulley v. Standard Oil Co., 136 Mo. App. 172; 116 S. W. 430.] For other cases illustrative of the view we take of the case see Blundell v. Mfg. Co., 189 Mo. 552; Mathis v. Stock Yards Co., 185 Mo. 434, 448, 449, and other citations to be found in defendant's brief.

We think the judgment should undoubtedly be affirmed.

All concur.