L. O. BARBOE, Appellant, v. SIOUX CITY SERVICE COMPANY et al., Appellees.

OCTOBER 25, 1927.

REHEARING DENIED APRIL 5, 1928.

*Naglestad, Pizey & Johnson, Robert B. Pike,* and *Larned F. Brown,* for appellant.

*Kindig, Stewart & Hatfield,* for appellees.

FAVILLE, J.—Fourth Street in Sioux City runs east and west. It is intersected at right angles by Nebraska Street. The intersection of said streets is in the business center of the city, and buildings are constructed on all the lots adjacent thereto. Each of said streets is 80 feet in width from building line to building line, and 52 feet from curb to curb. The appellee com-

pany has a double track on Fourth Street, and operates thereon street cars passing both east and west. The north rail of the north track is 18.8 feet from the curb. About 7 o'clock on the morning of the 5th of January, 1926, the appellant approached the intersection of said streets, walking south on the west side of Nebraska Street, intending to pass over Fourth Street to his work, which was a block farther south. His testimony is to the effect that, before he left the curb on the north side of Fourth Street, he looked east down Fourth Street, and did not see any street car approaching, and that he started to cross said street. He was struck by a street car approaching from the east, but was unable to relate just how the accident happened.

But one question is presented that requires consideration on this appeal, and that is whether or not the appellant was guilty of contributory negligence, as a matter of law. Under our familiar rule, it is our duty to construe the evidence in the light most favorable to the appellant. The witness Eastman testified, in substance, that he was on the north side of Fourth Street, the morning of the accident, about four blocks east of Nebraska Street, when he heard the 7 o'clock whistle blow; that he proceeded westerly on Fourth Street toward Nebraska Street; that a street car overtook him and passed him, going west on Fourth Street; that he started to run after the car, and when it came to the corner of Nebraska and Fourth Streets, it did not make a full stop, and that it picked up speed as it left the corner and went across the intersection; that he saw the appellant struck by the car at the intersection. He testified that no gong was sounded, and no warning given, and that he did not see the appellant until the street car hit him. There is also evidence tending to show that, at the time the car struck the appellant, it was running at a speed of about 18 or 20 miles an hour. At the time that Eastman saw the car strike the appellant, he was about 100 feet away. It appears that the appellant was familiar with the street, having crossed it every day for many years. The street was icy, and the morning was somewhat cloudy and dark, and twilight did not begin until 7:22 A. M.

Every case involving a ruling on a motion for a directed verdict on the ground of contributory negligence must rest upon its own facts, and precedent can be of but little value. The rules of law governing the case are familiar. We have often declared

that the rule of care required of one about to cross the track of a railway operating heavy trains by steam at a high rate of speed does not apply with equal rigidity to the crossing of a street-railway track, where pedestrians and travelers have a right to be. *McCormick v. Ottumwa R. & L. Co.*, 146 Iowa 119; *Orr v. Cedar Rapids & M. C. R. Co.*, 94 Iowa 423, 426; *Perjue v. Citizens' Elec. L. & G. Co.*, 131 Iowa 710; *Beem v. Tama & Toledo Elec. R. & L. Co.*, 104 Iowa 563, 565; *Barry v. Burlington R. & L. Co.*, 119 Iowa 62; *Doherty v. Des Moines City R. Co.*, 137 Iowa 358, 364; *Doran v. Cedar Rapids & M. C. R. Co.*, 117 Iowa 442, 447; *Mangan v. Des Moines City R. Co.*, 200 Iowa 597.

In *Dow v. Des Moines City R. Co.*, 148 Iowa 429, 443, we said:

"We have never held that one may go heedlessly and blindly upon a street car or other track and still be free from contributory negligence. But we have never said, even in steam railway cases, that one must be constantly on guard for approaching trains or cars. The degree of care required of him is not the highest, but ordinary care and prudence; and whether or not he exercised such care is ordinarily a question for the jury—dependent largely upon the circumstances of each particular case. To go upon the track of either a steam or street railway without exercising any care for his safety is negligence, and such negligence will prevent a recovery. But it is not necessary that one keep his eyes constantly upon the track, or that he stop and listen, or do more than an ordinarily careful person would, under the circumstances."

In the instant case, we have a situation where a party of mature years, possessed of his faculties of hearing and sight, approached a public street with which he was perfectly familiar, and attempted to cross. He had to walk a distance of more than 18 feet from the curb to the car track. There were no obstructions to his vision in the direction of the approaching street car. Just how far distant he might have seen it, is not altogether certain from the record; but, in any event, the appellant could have seen it for 100 feet. Eastman saw the car and the appellant at that distance, at the instant of the collision.

Conceding that appellant had the right to rely upon the fact that an approaching street car would be operated at a lawful speed, and with the required signals, still this did not absolve the

appellant from the duty of using his faculties and exercising ordinary care under all the surrounding circumstances when he undertook to cross the street. There were no diverting circumstances shown. Appellant had nothing to do except to attend to the matter of crossing the street in safety. The appellant was not required to keep a constant lookout from the time he left the curb until he reached the car track, but he was required to exercise ordinary and usual care. We must concede, for the purposes of this appeal, that he looked when at the curb. Appellees contend that, under the so-called "physical-fact rule," if this be true, he *must* have seen the approaching street car. There is much force in this contention. It is difficult to comprehend how the appellant could possibly have looked in an easterly direction when at the curb and have failed to observe the approaching car, and it is certain that even the slightest attention on his part while passing across the street would have disclosed the danger of the on-coming street car.

We are disposed to agree with the trial court that the record disclosed such contributory negligence on the part of appellant as required the sustaining of appellees' motion for a directed verdict. The judgment is—*Affirmed.*

EVANS, C. J., and STEVENS, ALBERT, and WAGNER, JJ., concur.

KINDIG, J., having been of counsel, takes no part.