JULIA PERKINS, Appellant, v. SCHMIT CONSTRUCTION COMPANY, Appellee.

No. 41629.

NOVEMBER 22, 1932.

E. M. Sabin, for appellant.

H. D. Kepler and Miller, Miller & Miller, for appellee.

KINDIG, J.—Two cases are here involved. They were consolidated in the district court and tried as one case on the theory that the same question is embraced in each suit. Likewise, these cases are consolidated for disposition on this appeal.

In the one case, the appellant Julia Perkins, as the next friend of Milford Perkins, a minor, brings the action in the minor's behalf against the Schmit Construction Co., the defendant-appellee. Julia Perkins commenced the other suit in her own behalf against the Schmit Construction Co., the defendant-appellee.

These suits grew out of an accident on October 22, 1930, wherein Milford Perkins, aforesaid, a minor eighteen years of age, broke his right leg when he placed it as a brace against an iron pipe belonging to the appellee. The pipe rolled over the leg of Milford Perkins, causing a fracture thereof. Consequently, the one suit above-named was brought against the appellant in behalf of Milford Perkins, the injured boy, for the purpose of recovering the damages to which he himself is entitled; while the other proceeding was commenced by Julia Perkins, his mother, to obtain damages due her because of the injuries to her son. At the close of the appellant's evidence in each case, the district court sustained the appellee's motion for a directed verdict on the theory: First, that the latter was not negligent; and, second, in the alternative that Milford Perkins was guilty of contributory negligence. Judgment was entered accordingly. From that judgment, appellants appeal in each case.

Some time before the accident, the appellant Julia Perkins, the mother of the appellant Milford Perkins, for a valuable consideration, granted to the Great Lakes Pipe Line Company, its successors or assigns, an easement of right of way over her farm in Worth County, for the purpose of laying, maintaining, operating, re-laying, and removing at any time "a pipe line or pipe lines for the transportation of oil or oil products, gas, and water * * *." For the purpose of operating under the easement, the Great Lakes Pipe Line Company contracted with the appellee construction company to lay the pipes for the aforesaid line on the farm of the appellant Julia Perkins, in accordance with the easement granted. Accordingly the appellee hauled upon the farm of Julia Perkins steel pipes "six

inches in diameter and weighing between 600 and 675 pounds each." Each pipe, according to the stipulation, averaged approximately 36 feet in length. It was appellee's purpose to place the pipes end to end beneath the surface of the ground in a ditch to be constructed therefor, in order to form a connected conduit across the farm. Apparently, after the pipes were thus placed, the dirt previously excavated was to be replaced in order that the owner of the land might again pass to and fro over the surface. In the course of establishing the work, the appellee first laid the pipes on the top of the ground in a general northerly and southerly direction end to end (but yet unfastened) in a cornfield on the aforesaid land. There was no room to drive a team and wagon on the farm between or around the pipes.

This was the condition of the pipe line construction when the appellant Milford Perkins and a younger brother went out to the field on October 22, 1930, for the purpose of husking corn. These boys had with them a team and wagon. Before they came to the pipe line in the cornfield, the boys asked a member of appellee's "gang" if they could "drive across" the iron pipes lying on the ground. The appellant Milford Perkins testified that this man answered: "Yes, go ahead, drive across." Whereupon the boys continued husking corn and drove across the pipes whenever it became necessary while going back and forth through the cornfield. That they did all the forenoon of October 22, 1930. Again in the afternoon they crossed the pipes. By so proceeding, the boys apparently crossed the pipes six times in the morning and once in the afternoon. On the second attempt to cross a pipe in the afternoon, the front wheels of the wagon went over but the hind wheels thereof rolled the pipe. Three stakes were put in front of the pipe by the boys to prevent the rolling. Nevertheless the pipe rolled. Hence the boys replaced the stakes. The younger brother was in the wagon driving the team, while the appellant Milford, standing on the ground, placed his right foot against the pipe for the purpose of assisting the stakes in holding it while the hind wheels of the wagon went across. When the younger brother started the horses, the pipe again rolled and forcibly came in contact with Milford's right leg, thereby causing the fracture.

I. It is first argued by the appellee that the appellants have not proven it guilty of negligence.

Appellee was negligent, the appellants contend: First, because

it placed the pipes upon the ground so near each other that the appellant Milford Perkins and his brother could not drive the team and wagon between them; second, because the pipes were not "bridged" in such a way as to permit the team and wagon to pass over the same; and, third, because appellee's employee directed the boys to cross the pipes in a way which amounted to an assurance that it was safe for them to do so.

Obviously under this record there is much to sustain appellee's contention. Nevertheless, for the purpose of disposing of the case, it is assumed without deciding that the appellee was negligent, and that such negligence constituted the proximate cause of the injury received by Milford Perkins.

II. Under the assumption aforesaid, it now becomes necessary to determine whether Milford Perkins at the time in question was guilty of contributory negligence. Generally speaking, contributory negligence is peculiarly a question for the jury, rather than for the court to decide. Murphy v. Iowa Electric Company, 206 Iowa 567, and cases therein cited.

This, however, is not always true, for under some facts and circumstances it is the province of the court and not the jury to determine whether or not the contributory negligence is such as to bar a recovery. Barboe v. Sioux City Service Company, 205 Iowa 1074; Murphy v. Iowa Electric Company, (206 Iowa 567), supra. In the case at bar there is no conflict in the evidence as to what the appellant Milford Perkins did or did not do at the time he was injured. His actions upon the occasion of his injury are set forth in the record without dispute. Therefore, no jury question arises at this juncture.

Even though the foregoing be true, yet there could be a jury question, under facts and circumstances not here revealed, if the conduct of Milford Perkins were such that there might fairly be different opinions with respect to it and one man honestly and reasonably would say it was in accord with ordinary prudence while another, just as sincerely and with equal reason, would contend it is not, under the assumed facts. Murphy v. Iowa Electric Company, (206 Iowa 567), supra, and cases therein cited. Everything depends upon the facts and circumstances.

Where, as in the case at bar, however, the facts are clear and undisputed and the existence and effect of Milford Perkins' contributory negligence is sufficiently apparent to fair-minded and reason-

able men so but one conclusion may fairly be drawn therefrom, then the trial court may and should direct a verdict in appellee's favor because thereof. Murphy v. Iowa Electric Company, (206 Iowa 567), supra; Barboe v. Sioux City Service Company, (205 Iowa 1074), supra; Rosenberg v. Des Moines Railway Company, 213 Iowa 152; Dreier v. McDermott, 157 Iowa 726; Bourrett v. Chicago Northwestern Railway Company, 152 Iowa 579; Sutton v. Bakery Co., 135 Iowa 390; Carson v. Chicago, R. I & P. Ry. Co., 96 Iowa 583; Merryman v. Chicago, R. I. & P. Ry. Co., 85 Iowa 634.

While it is true that Milford Perkins is a minor, yet he is eighteen years of age. According to the record, he appears to be a boy of at least ordinary intelligence and discretion. He then must be held responsible for contributory negligence, if he has committed it. Doggett v. C. B. & Q. Ry. Co., 134 Iowa 690; Bourrett v. Chicago, Northwestern Railway Co., (152 Iowa 579), supra.

That being true, it is necessary now to determine whether Milford Perkins was guilty of negligence which contributed in any way to his injury. It is said that he is not guilty of such negligence because he was invited by the appellee's employee to cross the pipes with the team and wagon and assured that in so doing there would be no danger. There seems, in fact, to have been no invitation, but at most a permission to cross the pipes. Whether this distinction has any significance in the case at bar, we do not decide or suggest. Milford Perkins was not an employee of the appellee. When crossing the pipe line on the occasion under consideration, Milford was serving his own purposes in husking corn. Appellee's servant, in merely granting the appellant Milford Perkins permission to cross the pipes with the team and wagon, did not assure him that there was no danger. The appellant Milford Perkins must have known, as a reasonable and prudent person, that he must exercise ordinary care in crossing the pipes with a team and wagon. In fact, appellee's servant did nothing more than make the suggestion that the appellant Milford Perkins could proceed across the pipes, so far as the appellee was concerned. Said permission on appellee's part. if it be such, when given its fullest weight, did not justify Milford Perkins in failing to exercise his senses in using ordinary care when crossing and recrossing the iron pipes. Under no circumstances could Milford surrender his own intelligence and fail to use ordinary care when driving the team and wagon back and forth over the pipes. Foley v. Boston & N. Str. Ry. Co., 84 N. E. 846 (Mass.);

Gorman v. Brick Manufacturing Co., 99 Iowa 257 (local citation 264). See, also, Kentucky Wagon Manufacturing Co. v. Gossett, 135 S. W. 394 (Ky.); Slagel v. Charles H. Nold Lumber Co., 122 S. W. 321 (Mo.); Hartigan v. Deerfield Lumber Co., 81 A. 259 (Vt.).

Manifestly under all the facts and circumstances Milford Perkins was guilty of negligence which contributed to his injury. He was aware of the danger when placing his leg against the pipe at the time in question. Such danger was obvious and imminent. Without doubt the pipes had been rolling in front of the wheels. This fact is revealed by the testimony of Milford Perkins himself. Stakes were placed before the pipes to prevent the rolling. Milford and his brother placed the stakes for that very purpose. Notwithstanding the stakes, the pipes continued to roll ahead of the wagon's hind wheels. To prevent that rolling, Milford and his brother reset the stakes. The younger boy, as before explained, then got into the wagon to drive the team while Milford stayed upon the ground to watch the pipe. At that time no workman representing the appellee was present. These workmen gave no instructions concerning how to drive over the pipes. Apparently Milford himself had control of the proceedings. When his brother was about to drive the team forward on the occasion in question, Milford expected the pipe to roll. He felt that the stakes would not keep the pipe from rolling forward. Consequently, to assist the stakes, he placed his leg in front of, or against, the pipe which he anticipated would roll. When the wagon and team started forward, the pipe did roll, and thereby fractured Milford's leg, as before stated. Milford's conduct in this regard amounts to contributory negligence. An ordinarily prudent person under the same or similar circumstances would not have placed his leg in front of or against the pipe as did Milford Perkins. See 45 Corpus Juris 956, 957, sec. 513. This is apparent to every fair-minded and reasonable man. Fair-minded and reasonable men could fairly draw but one conclusion from Milford's conduct. That conclusion must necessarily be that he, under the circumstances, was guilty of contributory negligence. The district court, then, correctly directed a verdict in appellee's favor in each case.

Wherefore, the judgment of the district court in each case must be, and hereby is, affirmed.—Affirmed.

Stevens, C. J., and Evans, Bliss, and Claussen, JJ., concur.