BESSIE ABRAHAM, Appellee, v. CITY OF SIOUX CITY, Appellant.

No. 42022.

OCTOBER 17, 1933.

REHEARING DENIED DECEMBER 13, 1934.

A. O. Jepson and Jesse E. Marshall, for appellant.

Hill & Guttleman and Robert B. Pike, for appellee.

ANDERSON, J.—Court street in Sioux City, Iowa, is one of the main thoroughfares running north and south. It is paved, and is 52 feet wide from curb to curb. There is a parking between the curb and sidewalk approximately four feet wide. Along this parking are shade trees, telephone, electric light, and power line poles, some of which are very near to the curb. The particular tree of

which complaint is made was located about one and one-half feet from the curb on the west side of the street, and was about one and one-half feet in diameter. It slanted slightly toward the east. There was a branch or limb about one foot in diameter on the east side of this tree approximately eight feet and four inches above the pavement, directly over the curb, which limb projected over the paved portion of the. street at an angle something less than 45 degrees. The tree was estimated to be about 35 years old. There was a slight grade or slant from the center of the pavement to the curb, and a vehicle driving near the curb would not be exactly perpendicular, and the upper portion thereof would be extended over the curb to the west, if the vehicle was driven in close proximity to the curb. On September 1, 1931, the plaintiff was riding in the cab of a truck which was being driven south and on the west side of Court street. The truck was owned by the plaintiff and her husband, and was being driven by their employee. The plaintiff was associated with her husband in a mercantile business in Danbury, Iowa, and the truck was used in said business. The truck was about eight feet wide and eight feet and eleven inches high measured through the center, and about eight feet and seven inches outside measurement. Both the driver and the plaintiff were familiar with the streets in Sioux City, and had driven over Court street many times, and transacted business in the immediate vicinity of the tree in question. About 4:30 in the afternoon of September 1, 1931, the plaintiff and her driver stopped the truck on the west side of Court street about one foot east of the curb and ten or twelve feet north of the tree in question, for the purpose of doing some shopping across the street. They then started the truck in its course southward without turning out from the curb, and the right top corner of the truck came in contact with the limb of the tree, causing the truck to stop suddenly and throw the plaintiff against the windshield of the cab of the truck, cutting her face with the glass, and injuring her quite severely. The driver testified that there was nothing in the driver's cab that would have prevented him from seeing the tree or limb. He did not know whether he looked up or not. He said he had been on that side of the street many times going south, probably about once every week. He said he did not remember seeing the tree; that it was visible, but that he had not noticed it particularly; that the limb was perfectly plain and in full view; that he did not misjudge the clearance because he did not notice the tree and the

limb; that he had driven the truck for some time, and knew that the body was higher than the average automobile. He also said that, if the truck had been three feet east of the curb, it would not have come in contact with the limb. One John Roberts, who was engaged in the ice business in Sioux City as a driver of an ice wagon, and who was one of plaintiff's witnesses, testified that his truck was nine feet high, and in order to miss this limb it was necessary for him to drive about three feet away from the curb; that the tree and limb were perfectly visible and any one could see it driving along the street. The driver of the truck also testified that the plaintiff would direct him where to drive, and had directed him on the day in question to drive on Court street and stop at a butcher shop near where the accident occurred. The city had no actual notice of the condition of the tree and limb.

The appellee contends that the limb was an obstruction in the street, and that the city was negligent in permitting it to remain projecting or overhanging the paved portion of the street, and the questions with which we are confronted in this appeal are:

1. Whether the appellant city was guilty of negligence as charged, and,

2. Was the appellee plaintiff free from contributory negligence.

Section 5945 of the 1931 Code imposes the duty upon a city to care for, supervise, and control all public highways and streets within the city and to keep them open and in repair and free from nuisances. This statute requires the city to exercise reasonable and ordinary care to maintain its streets in a safe condition for travel in the usual and ordinary modes of travel. However, a city is not required to keep its streets in a condition of absolute safety. It is only required to use ordinary and reasonable care to that end. It does not insure the safety of travelers upon its streets, nor is it required to foresee and provide against every possible accident. It must have actual notice of the dangerous condition of a street or the condition must have existed for a sufficient time to enable the city to discover and repair the same, in the exercise of reasonable and ordinary care and diligence. Cason v. City of Ottumwa, 102 Iowa 99, 71 N. W. 192; Wheeler v. Fort Dodge, 131 Iowa 566, 108 N. W. 1057, 9 L. R. A. (N. S.) 146; Kiple v. Town of Clermont, 188 Iowa 248, 174 N. W. 251; Krska v. Town of Pocahontas, 200 Iowa 594, 203 N. W. 39.

It has been held, in other jurisdictions, that the failure of a municipality to use reasonable diligence to remove limbs of trees projecting over the traveled way of a street so as to be dangerous to traffic is negligence. Valvoline Oil Co. v. Winthrop, 235 Mass. 515, 126 N. E. 895; City of Louisville v. Michels, 114 Ky. 551, 71 S. W. 511; Embler v. Town of Wallkill, 132 N. Y. 222, 30 N. E. 404. However, the facts in the cited cases were not parallel with the facts as disclosed in this record. In one of the cases, the offending limb had broken down and was clearly an obstruction in the street, and in all of them the city had actual notice of the existence of the obstruction in sufficient time to require the removal of such obstruction.

A city has the right to maintain shade trees, trolley poles, light poles, etc., within prescribed areas in the city streets. In Shannon v. Council Bluffs, 194 Iowa 1294, 190 N. W. 951, we said:

"It is not every so-called 'obstruction' in a public street that renders a city or other municipality liable for negligence because of its existence. Stepping stones, hydrants, shade trees, trolley poles, lamp posts, and the like are legitimate and necessary obstructions on public streets."

In the Shannon case a bridge was maintained over Indian creek on one of the principal business streets of the city. The bridge was fifty-three feet wide, and was constructed with three trusses, one on each side of the bridge and one in the center, leaving a driveway on each side of the center truss. The center truss was from fourteen to sixteen inches wide and sloped from the pavement to the height of about 10 feet. An automobile in which plaintiff was a passenger collided with the center truss, and plaintiff was killed. The court directed a verdict for the city, and such order was sustained by this court on appeal; the court holding that the city was not guilty of negligence in constructing or maintaining the bridge in the condition shown. See, also, Van Gorden v. Fort Dodge, 216 Iowa 209, 245 N. W. 736, where the obstruction was in the center of the street, but in plain view of travelers thereon.

There is, under this record, much to sustain the appellant's contention that the city was not negligent in permitting the limb of the tree in question to remain projecting over a portion of the paved or traveled way of the street; nevertheless, for the purpose of disposing of this case, it may be assumed, without deciding, that the city was negligent, and that such negligence constituted the prox-

imate cause of the injury received by the plaintiff. With this assumption it becomes necessary to determine whether the plaintiff was guilty of contributory negligence. Generally, contributory negligence is a question for the jury, but under some circumstances it is the province of the court to determine whether or not contributory negligence bars a recovery. Murphy v. Iowa Electric Co., 206 Iowa 567, 220 N. W. 360; Barboe v. Sioux City Service Company, 205 Iowa 1074, 215 N. W. 740; Perkins v. Schmit Construction Co., 215 Iowa 350, 245 N. W. 343. In the instant case there appears no conflict in the evidence as to what the plaintiff and her driver did or did not do at the time she was injured, and there can be no jury question as to these facts. Of course, if the conduct of the plaintiff was such that there might fairly be different opinions with respect to it, and one would honestly and reasonably say and believe such conduct was ordinarily prudent and careful, while another would contend that it was not, then a jury question is presented. Murphy v. Iowa Electric Co., supra. When, however, the facts and circumstances are clear and undisputed, and the existence of contributory negligence is apparent to all fair-minded and reasonable men, and that such is the only reasonable conclusion that may be drawn from the established facts, then contributory negligence exists as a matter of law. Rosenberg v. Des Moines Railway Co., 213 Iowa 152, 238 N. W. 703; Dreier v. McDermott, 157 Iowa 726, 141 N. W. 315, 50 L. R. A. (N. S.) 566; Sutton v. Bakery Co., 135 Iowa 390, 112 N. W. 836.

There can be no recovery for an injury due solely to a failure to observe an obstruction in a public street, which is in no way concealed and which is obvious and plain to any one who will look. In re Estate of Hill, 202 Iowa 1038, 208 N. W. 334, 210 N. W. 241; Perkins v. Schmit Construction Company, supra; Murphy v. Iowa Electric Co., supra; Barboe v. Sioux City Service Co., supra; Masonholder v. O'Toole, 203 Iowa 884, 210 N. W. 778.

The burden is on the plaintiff in cases of this kind to show affirmatively freedom from contributory negligence. See cases cited.

In the case at bar we have an alleged obstruction in the street which was open and obvious and plain to any one who would look. The accident happened at 4:30 in the afternoon of a clear day, and there was nothing to distract the attention of the plaintiff and the driver of the truck in which she was a passenger. The driver admitted that he could have seen the limb had he looked. He knew

he was driving a truck nine feet high. With the slant of the pavement toward the curb inducing a tilt of the truck body to the west, he could have easily come in contact with any pole or tree that was at or near the curb, if he was driving near the curb. Indeed, from the photographs in the record as exhibits, it would appear that the corner of the top of his truck would have come in contact with the main trunk of this tree, even though the limb were not there; and likewise he could have come in contact with a light or trolley pole standing perpendicularly on the edge of the curb. Had the limb in question broken down and projected into the street, could it be said that the driver was not negligent in coming in collision with it? And could it be said that the driver was not negligent, if he should have come in contact or collision with a trolley or electric pole, or a tree that was in close proximity to the curb, but not projecting over any part of the paved way? In view of the facts and circumstances, could fair-minded and reasonable men draw any conclusion other than that the plaintiff was negligent? We think not. The conclusion must necessarily be that the plaintiff and her driver were guilty of contributory negligence, as a matter of law. We are constrained to hold that the trial court erred in not sustaining the defendant's motion for a directed verdict, and reversal necessarily follows.—Reversed.

ALBERT, C. J., and KINDIG, EVANS, STEVENS, MITCHELL, and KINTZINGER, JJ., concur.