**Helen Fay GRENINGER et al., Appellees,**

v.

**CITY OF DES MOINES, Appellant.**

**No. 59929.**

Supreme Court of Iowa.

April 19, 1978.

James M. Sullivan, Asst. City Atty., Des Moines, for appellant.

John R. Sandre, of Scalise, Scism, Gentry, Brick & Brick, Des Moines, for appellees.

Considered by MOORE, C. J., and MASON, UHLENHOPP, REYNOLDSON, and McCORMICK, JJ.

REYNOLDSON, Justice.

The issues in this case arise from defendant City's requested jury instructions in an alley fall-down case. Trial court refused to give the instructions. The jury returned a $40,000 verdict against the City and in favor of plaintiff Helen Fay Greninger for personal injury damages, and a $2500 verdict for her husband, Nelson E. Greninger, for loss of consortium. City appeals and we affirm.

Helen was a former employee in the Kirkwood Hotel in downtown Des Moines. She and her husband lived in California at the time of the accident, but on December 21, 1973, were visiting old friends in Des Moines. They were guests at the Kirkwood.

In the evening when the visit ended Helen and her husband walked down the street to a tavern. After one drink they started back to the hotel. The streets and sidewalks were clean. The weather was cold. Apparently for protection, Helen elected to proceed up an alley to the back of the hotel. She intended to enter through the "motor entrance," a door she knew was used by both guests and employees.

Helen testified the alleyway was dark. She went only a short distance before stepping into a rut in the snow and falling. Her injuries are not in issue in this appeal.

A long-time employee of the hotel testified when Helen fell the alley was icy and full of ruts, a condition which had existed for about five days. He never had seen the City sand, salt or maintain this alley to correct snow or ice conditions.

The assistant director of public works was a witness for the City. He testified he expected high-clearance service vehicles in downtown alleys. "[P]edestrians," he stated, "are normally aligned to sidewalks." He further testified the City does not remove snow from alleys unless they cannot be negotiated by high-clearance vehicles, and the City would not worry about keeping this particular alley open for pedestrians. According to his testimony, the City salted the alleys in "an effort to reduce the snow accumulation on the alley so that they maintain the negotiability to service vehicles."

Defendant timely requested the following instructions:

"Requested Instruction No. 1. The mere fact that an accident occurred and that the plaintiffs sustained damages and injuries is not, in itself, sufficient to show that either party was negligent. The burden is upon the party making the claim to establish that the other party was negligent and this must be done by the greater weight or preponderance of the evidence.

\*    \*    \*    \*    \*    \*

"Requested Instruction No. 6. You are instructed that the primary use for which a street or alley is designed, other than at a crosswalk, is for vehicular traffic. Therefore, a pedestrian, meaning the plaintiff in this case, must consider such fact in the exercise of the care of a careful and prudent person when traveling upon a street or alley.

"Requested Instruction No. 7. In determining whether the City of Des Moines exercised reasonable care as defined in these Instructions, you should consider that the use of a street or alley is primarily intended for vehicular traffic rather than pedestrian traffic.

"Requested Instruction No. 8. The defendant, City of Des Moines, need not exercise as close an oversight over its alleys as over its sidewalks, nor is it bound to exercise the same amount of care to make them reasonably safe for pedestrian traffic."

Defendant asserts trial court erred in refusing to give these instructions.

I. We first examine defendant's contentions with respect to instruction 1, supra. At trial defendant excepted to court's failure to give the instruction "for the reason that it correctly states the law in Iowa." Overruling, trial court stated other instructions conveyed the concept urged by defendant.

■ Well-recognized principles guide our consideration. A trial court may choose its own language in drafting instructions and is not bound to adopt wording preferred by counsel so long as instructions chosen cover all legal principles involved. *Turner v. Jones,* 215 N.W.2d 289, 292 (Iowa 1974); *Osterfoss v. Illinois Central Railroad,* 215 N.W.2d 233, 235 (Iowa 1974). Instructions are to be read and considered together and related to each other, not piecemeal or in artificial isolation. *Wiedenfeld v. Chicago & N. W. Transp. Co.,* 252 N.W.2d 691, 698 (Iowa 1977); *Dickman v. Truck Transport, Inc.,* 224 N.W.2d 459, 464 (Iowa 1974).

In a portion of instruction 8 trial court told the jury:

"The City of Des Moines is not required to keep its streets or alleys in a condition of absolute safety. * * * It does not insure the safety of travelers upon its streets or alleys nor is it required to foresee and provide against every possible accident. * * * "

This language was sufficient to convey the concept that occurrence of an accident, in and of itself, is insufficient to show negligence.

In addition, trial court's instruction 7 told the jury plaintiffs could recover only if they showed by a preponderance of evidence the City was negligent.

Requested instruction 1 is essentially the same as I.S.B.A. Uniform Jury Instructions (Civil), instruction 2.15. Plaintiffs do not contend this instruction should be rejected on the same rationale which eliminated the unavoidable accident instruction. See *Koll v. Manatt's Transp. Co.,* 253 N.W.2d 265, 268–269 (Iowa 1977); *Cavanaugh v. Jepsen,* 167 N.W.2d 616, 622–623 (Iowa 1969).

■ Assuming defendant's instruction 1 was a correct statement of law, trial court properly could refuse it where its recital would have unduly emphasized City's defense and plaintiff's concomitant burden. *Dickman,* supra, 224 N.W.2d at 464; *Andrews v. Struble,* 178 N.W.2d 391, 400 (Iowa 1970).

Under the circumstances we find no reversible error in trial court's refusal to give requested instruction 1.

II. We treat defendant's requested instructions 6, 7, and 8, supra, together, as defendant does in its brief.

Defendant objected to trial court's failure to give these instructions on the ground "that the law of Iowa is the primary use for an alley is designed for vehicular traffic and that such facts should be considered in the standard of care which the City of Des Moines is to be held to with regard to maintenance to an alleyway."

Trial court instructed the jury as follows:

"Instruction No. 8. You are instructed that the law of Iowa provides that the defendant, City of Des Moines, has the care, supervision and control of all public alleys within the City and is charged with the duty to keep them open and in repair, and free from nuisances. The City of Des Moines is not required to keep its streets or alleys in a condition of absolute safety. It is only required to use ordinary and reasonable care to that end. It does not insure the safety of travelers upon its streets or alleys nor is it required to foresee and provide against every possible accident. And, although mere slipperiness, caused by ice or snow remaining in its natural condition, is not ordinarily a defect in an alley for which the City might be held liable, nevertheless, if the City has permitted snow or ice to remain on an alley until it has become so rigid, rough, and uneven that it is dangerous for a pedestrian to walk on, exercising ordinary care, liability may be imposed, provided that the municipality has actual or constructive notice of the condition of the alley and has had a reasonable opportunity to remedy such condition.

"You are instructed that by the term 'constructive notice' is meant that the condition of the alley was such that the City knew, or in the exercise of reasonable care, should have known of the condition of the same."

Defendant made no objection to this instruction other than to use of the word "nuisance." We therefore assume defendant agreed with the court's statement of law in all other respects.

The court's instruction appears to have been adapted from *Abraham v. Sioux City,* 218 Iowa 1068, 1070, 250 N.W. 461, 462 (1933). It follows our decisions indicating the City's duties should be measured by a reasonableness standard in light of all the circumstances. Cf. *Koehler v. State,* 263 N.W.2d 760, 766 (Iowa 1978); *Ehlinger v. State,* 237 N.W.2d 784, 788 (Iowa 1976). An alley's use by pedestrians should be one circumstance considered.

The case most relied on by the City is *Engman v. City of Des Moines,* 255 Iowa 1039, 125 N.W.2d 235 (1963). It is true this case contains language from which the City's instructions were patterned. But *Engman* commences from this premise:

"Defendant's first two assigned errors are based upon the proposition that defendant's duty to plaintiff was limited to keeping the street in reasonably safe condition for vehicular traffic, even though he was a pedestrian. * * *

"We are unable to agree with defendant's basic proposition. In *Abraham v. Sioux City,* 218 Iowa 1068, 1070, 250 N.W. 461, 462 and *Pietz v. Oskaloosa,* 250 Iowa 374, 92 N.W.2d 577, we say a city is required 'to exercise reasonable and ordinary care to maintain its streets in a safe condition for travel in the usual and ordinary modes of travel'. We think this rule is sound and covers the factual situation here existing."—*Id.,* 255 Iowa at 1041–1042, 125 N.W.2d at 236–237

■ We believe this standard of care applies to alleys as well as streets. See *Burkhard v. Bowen,* 32 Wash.2d 613, 618–620, 203 P.2d 361, 364–365 (1949); 39 Am.Jur.2d, Highways, Streets and Bridges, § 5, p. 405 (1968).

In effect, trial court charged the City with knowledge of pedestrian use of the alley by the language of instruction 8, supra. This concept was reinforced by instruction 5:

"You are instructed that, in the absence of notice to the contrary, the plaintiff was entitled to assume that the alley she was about to use was in reasonably safe condition. She was not required to anticipate that the alley was hazardous or dangerous as a result of the accumulation of ice and snow."

The City lodged no objection to instructions 5 and 8 on this ground. Therefore, we need not determine whether trial court erred in this respect.

■ The first problem with City's requested instructions, capsulated in its exception to trial court's failure to give them, is the implication that because the injury occurred in an alleyway the City's standard of care was in some measure modified. That standard remained the same: the City must exercise reasonable and ordinary care to maintain its alleyways in a reasonably safe condition for, in this instance, pedestrian travel. *Koehler,* supra.

The second difficulty confronting trial court in giving the City's requested instructions was their basic inconsistency with court's instruction 8, to which no meaningful objection was made.

Finally, if the City's requested instructions are interpreted to mean that in the exercise of reasonable and ordinary care the City was not obliged to maintain the alleyways to the same extent because traffic was more vehicular than pedestrian, we question their application because under the facts in this case the City purposely made *no* attempt to maintain its alleys for pedestrian use. The little maintenance performed was designed to permit passage of high-clearance vehicles only.

We hold in these circumstances the trial court did not commit reversible error in refusing the City's requested instructions.

The judgment entered below is affirmed.

AFFIRMED.