Billy Dean **SANDRY** and Karen Lee Sandry, Plaintiffs–Appellees,

v.

**JOHN DEERE COMPANY,** A Corporation, Defendant–Appellant.

No. 89–200.

Court of Appeals of Iowa.

Dec. 21, 1989.

J. Wilson McCallister, Deere & Co. Law Dept., Moline, Ill., for defendant-appellant.

James P. McGuire and Patrick C. O'Bryan of McGuire & O'Bryan, Mason City, for plaintiffs-appellees.

Heard by SCHLEGEL, P.J., and HAYDEN and SACKETT, JJ.

HAYDEN, Judge.

Billy Dean Sandry was injured in 1985 when his right hand contacted the radiator fan of a John Deere model 6600 combine, nearly severing three of his fingers. Sandry, employed as a John Deere dealer mechanic, was completing repairs to the combine's water pump. While checking for leaking fluid, Sandry's hand was sucked

into the rotating fan. There was no safety guard between the fan and the radiator.

Sandry filed an action for damages against John Deere. At trial Sandry alleged negligence in the design and manufacture of the combine and in Deere's failure to warn. At the close of the evidence, Sandry withdrew the negligence count. The case was submitted to the jury on the theory of strict liability, alleging failure to design the combine with a guard outside the fan; failure to warn users it was unsafe to work near the fan while the motor was running; and in negligently designing and manufacturing the machine without proper safety features.

During the course of the trial, Sandry introduced John Deere's answer to plaintiffs' interrogatory number eleven, in which John Deere stated, without waiver of objection, that it was aware of three other accidents in which operators' hands contacted the fan The trial court admitted the answer over the objections of John Deere. At the close of the trial the court instructed the jury on a manufacturer's duty to warn a foreseeable user of its product of any hazards presented by its use. The court additionally instructed the jury "[a] defective product is unreasonably dangerous if the danger would not be recognized by an ordinary person in similar circumstances."

The jury returned a verdict in favor of Sandry in the amount of $182,000, and awarded Sandry's wife $8,000 for loss of consortium. The jury further attributed 63% of fault to John Deere and 37% to Sandry. The court adjusted the award according to the assessed percentage of fault, and entered judgment in favor of Sandry.

On appeal, John Deere contends its answer to interrogatory number eleven should not have been admitted into evidence since Sandry failed to show a high degree of similarity between the other accidents and the present case. John Deere believes the trial court erred in submitting the warnings issue to the jury since there was not sufficient evidence from which the jury could have found that the absence of a warning was a proximate cause of the accident and resulting injury.

John Deere argues the trial court's instruction defining an unreasonably dangerous product was improper because the submitted instruction removed the concept of unreasonable danger as an element of proof. Finally, John Deere asserts there was insufficient evidence to support the jury's finding the combine was defective and unreasonably dangerous, and that Sandry contributed a greater percentage of fault towards the accident than the defendant.

We uphold the jury's verdict and affirm the judgment.

### 1. *Evidence of Other Accidents.*

Deere argues Sandry failed to prove substantial similarity between the other accidents and the one involved in this case. Therefore, the other accidents should not have been admitted into evidence. We disagree.

■ Evidence of other accidents is admissible in a strict liability action on a showing the other accidents were substantially similar to the one being tried. *Eickelberg v. Deere & Co.*, 276 N.W.2d 442, 445 (Iowa 1979). It is within the trial court's sound judicial discretion to determine whether the other accidents are substantially similar. *Id.*

■ The question before the trial court is one of relevancy; is the evidence relevant and does its probative value outweigh the danger of unfair prejudice. *Id.;* Iowa R.Evid. 402, 403. The probative value is measured by the likelihood the same condition caused the accident in the instant litigation. *Cook v. State*, 431 N.W.2d 800, 803 (Iowa 1988).

■ The three other accidents introduced by Sandry each involved an operator doing service or maintenance work who put his hand near the fan side of the radiator while the engine was running. Sandry reached over the top of the radiator and placed his hand on the fan side of the radiator to determine what the liquid was. He did this while the engine was running and his hand was sucked into the radiator

fan. We conclude the trial court properly exercised its discretion in determining the other accidents were substantially similar.

2. *The Warnings Issue.*

■ At the close of Sandry's evidence, Deere moved for a directed verdict on the warnings issue. Deere contends this issue should not have been submitted to the jury because: (1) there was no duty to warn of the obvious danger posed by the rotating engine fan; (2) there was not sufficient evidence the absence of a warning rendered the combine unreasonably dangerous; and (3) there was not sufficient evidence that the lack of warning was a proximate cause of Sandry's injury.

Sandry replies Deere failed to preserve error regarding this issue because it didn't specifically object to the warning instruction. Sandry relies, erroneously, on *Hoekstra v. Farm Bureau Mut. Ins. Co.,* 382 N.W.2d 100 (Iowa 1986). In *Hoekstra,* the supreme court held appellant's objections regarding the sufficiency of a jury instruction were not sufficient to alert the trial court to the specific problems with that instruction. *Id.* at 107. The court further held that the question of whether an issue should have been submitted to the jury is preserved by a motion for directed verdict. *Id.* Because this is precisely what occurred in this case, the issue was preserved for appeal.

■ In determining whether a jury question was engendered when a party seeks a directed verdict, this court applies the same principles as the trial court. *Harvey v. Palmer College of Chiropractic,* 363 N.W.2d 443, 444 (Iowa App.1984). We view the evidence in the light most favorable to the nonmoving party, regardless of whether such evidence is contradicted, to determine if reasonable minds could differ on the issue. *Id.* If so, the issue is for the jury. *Id.*

■ Where risks are known and obvious there is no need for a warning. *Nichols v. Westfield Industries, Ltd.,* 380 N.W.2d 392 (Iowa 1985). Deere argues the danger inherent in working around a fan while the engine is running is common knowledge and Sandry knew if he contacted the fan he could be seriously hurt.

■ There is no dispute the rotating fan is a hazard. Deere's expert testified when they designed this combine they anticipated service work would be performed in this area while the engine was running. Although Sandry knew the dangers of a rotating fan, the danger resulting from suction caused by the fan may not be known and obvious. Because there was evidence introduced that when the fan is rotating a suction is created on the radiator side of the fan, as well as evidence that Sandry's injury was caused when his hand was sucked into the fan, the trial court properly determined a jury question was generated regarding the open and obvious nature of the danger.

■ To prove a product is in a defective condition unreasonably dangerous, plaintiff must show the defect was not one contemplated by the user which would be unreasonably dangerous to him in the normal and intended use of the product. *Aller v. Rodgers Machinery Mfg. Co.,* 268 N.W.2d 830, 834 (Iowa 1978). We conclude Sandry presented sufficient evidence to submit to the jury the question of whether the absence of a warning caused the combine to be in a defective condition unreasonably dangerous to users as well as the question of the proximate cause of Sandry's injuries.

3. *Jury Instruction.*

■ Jury instruction number fourteen stated, "[a] defective product is unreasonably dangerous if the danger would not be recognized by an ordinary person in similar circumstances." Deere objected to this instruction arguing it was an incomplete statement of the law, omitting the essential element unreasonable danger is a danger not contemplated by the user in the normal and innocent use of the product. Deere submitted its own instruction which the trial court properly rejected. The requested instruction dealt with matters adequately covered in the instructions given by the court. There was no error in the instructions issued to the jury. *See Miller v.*

*International Harvester,* 246 N.W.2d 298, 307 (Iowa 1976); *Greninger v. City of Des Moines,* 264 N.W.2d 615, 617 (Iowa 1978); and *Osterfoss v. Illinois Central R.R.,* 215 N.W.2d 233, 235 (Iowa 1974).

### 4. *The Jury's Finding.*

 Deere asks this court to conclude there was not substantial evidence in the record to support the jury's verdict the combine was defective and unreasonably dangerous. We disagree.

The supreme court is loathe to interfere with a jury verdict and it should not be set aside merely because a reviewing court would have reached a different conclusion. *Sallis v. Lamansky,* 420 N.W.2d 795, 799 (Iowa 1988).

The issues were properly submitted to the jury as there was sufficient evidence to cause reasonable minds to differ. When the entire record is viewed in the light most favorable to Sandry, there is sufficient and substantial evidence to support the jury verdict.

### 5. *Sandry's Fault.*

 Appellate review of apportionment of fault requires application of the substantial evidence rule. *Cook v. State,* 431 N.W.2d 800, 807 (Iowa 1988). The determination of the trier of fact is supported by substantial evidence when a reasonable mind would accept it as adequate to reach a conclusion. *Id.* Our review of the record convinces us there was adequate evidence to support the jury's apportionment of fault.

AFFIRMED.

SCHLEGEL, P.J., concurs.

SACKETT, J., dissents.

SACKETT, Judge (dissenting).

I respectfully dissent. This case presents an extremely close case of whether there is substantial evidence to support the jury's finding of fault on the part of John Deere.

Simply put, I see this case as being one where an experienced machinery mechanic put his hand in an area close to a rotating fan on an operating combine. There are certain very obvious dangers involved with operating equipment. I agree with the defendant that there is no evidence it breached a duty in not telling plaintiff to keep his hand away from a rotating fan, or that the failure to so warn rendered the combine dangerous. There is no need to warn as to what is obvious. *See Nichols v. Westfield Indus.,* 380 N.W.2d 392, 401 (Iowa 1985). Where risks are obvious there is no need for a warning. *See Strong v. E.I. DuPont de Nemours Co.,* 667 F.2d 682, 687–88 (8th Cir.1981); *McIntyre v. Everest & Jennings, Inc.,* 575 F.2d 155, 159 (8th Cir. 1978).

I would reverse and sustain defendant's motion for directed verdict.