WIGGINS, Justice
(concurring specially).
I concur in the result by joining in divisions I and 111(A) of Justice Appel’s special concurrence. The majority opinion clings to the contact-sports exception on the grounds neither party urges its abandonment. As Justice Appel rightly points out in division I of his special concurrence, the question of the continued viability of the contact-sports exception is clearly before us. Moreover, we cannot let the parties’ narrow framing of an issue preclude us from applying the proper analysis to an issue. In past cases where the parties did not raise the applicability of the Restatement (Third) of Torts: Liability for Physical and Emotional Harm, we have applied the Restatement (Third) when necessary to properly analyze the issues before the court. Brokaw v. Winfield-Mt. Union Cmty. Sch. Disk, 788 N.W.2d 386, 391 (Iowa 2010); Royal Indem. Co. v. Factory Mut. Ins. Co., 786 N.W.2d 839, 849 (Iowa 2010); Van Fossen v. MidAmerican Energy Co., 777 N.W.2d 689, 696-98 (Iowa 2009); Thompson v. Kaczinski, 774 N.W.2d 829, 834-40 (Iowa 2009).
The procedural posture of this case makes it even more important for us to address the issue under the Restatement (Third). The majority opinion reverses the district court’s order granting Borkow-ski’s motion for summary judgment and remands the case for a trial on the merits. We have recently adopted section seven of the Restatement (Third) as the proper duty analysis in a negligence case. Thompson, 774 N.W.2d at 834-36. Therefore, the duty analysis under section seven of the *82 Restatement (Third) is the controlling law on remand. The Restatement (Third) leaves the question open as to whether the court should instruct on a more limited duty when competitive sports are involved. Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 7 cmt. a, at 77-78 (2010). The majority does not reach this issue, finding the parties failed to preserve and raise it. As I previously noted, I disagree and say we should reach this issue now.
By not reaching this issue, the majority leaves the district court and the parties with a terrible dilemma. The court has an obligation to cover all the legal principles involved in a case when it instructs the jury. Greninger v. City of Des Moines, 264 N.W.2d 615, 617 (Iowa 1978). Accordingly, the court must consider section seven of the Restatement (Third) when it writes its instructions. ■ The Felds will probably urge the court to hold the contact-sports exception does not have a sound foundation in today’s sports world and that it has no viability under a Restatement (Third) analysis. Therefore, they will urge the court to instruct the jury as it would in any other negligence action. On the other hand, Borkowski will probably urge the court to keep the contact-sports exception and request the court to instruct the jury using a recklessness standard. At that time, the district court will have to decide if the contact-sports exception is still viable under a Restatement (Third) analysis. No matter how the court rules, we will probably see another appeal where we must decide if the contact-sports exception is still viable under a Restatement (Third) analysis.
In writing this concurrence, I feel compelled to ask the majority a couple of questions. Why should we leave the question unanswered when the district court will be confronted with it on remand? Why are we creating a potential appeal on this issue under the Restatement (Third) when we can answer the question now? It seems to me, for us not to address the issue creates extra expense for the parties and the court. Accordingly, I would address the issue head on and give the contact-sports exception a proper burial.