H. H. SAWYER, Appellant, v. W. S. HAWTHORNE et al., Appellees.

**NEW TRIAL:**   Motion for—Sustaining Motion Generally—Effect.
1   The overruling of a motion for the court to specify the grounds on which it sustained a motion for a new trial is, in effect, a ruling that it sustained the motion on all the grounds urged.

**NEW TRIAL:**   Grounds—Grounds Once Rejected on Appeal.   A new
2   trial may not be granted on grounds once held on appeal in the same case to be untenable.

**NEW TRIAL:** Grounds—Erroneous Instructions Unquestioned by Exception. A new trial may not be granted by the trial court because of erroneous instructions to which no exceptions were taken before the same were read to the jury, and as to which there was no showing that such errors were *not* discovered at the time of trial. (Sec. 3705-a, Code Supp., 1913.)

**VENDOR AND PURCHASER:** Breach of Contract—Breach by Vendor—Measure of Damages. The measure of damages for breach by vendor of a contract to sell land is the difference between the contract price and the market value of the land (if it is more than such contract price), plus any amount paid by vendee on the purchase price.

**NEW TRIAL:** Grounds—Blanket Assignments—Appeal and Error. A motion for a new trial on the blanket assignment "that the court erred in overruling objections to questions propounded by plaintiff and in sustaining those to questions asked by defendant," demands scant attention, and is too indefinite for review on appeal.

**NEW TRIAL:** Grounds—Proceeding Favorable to Movant. A new trial may not be granted because of action by the court and jury favorable to movant.

**NEW TRIAL:** Grounds—Misconduct of Counsel—Admonition by Court—Effect. Misconduct of counsel in argument, especially counsel *pro se*, in going outside the record evidence, may justify the trial court in granting a new trial, even though, when the misconduct occurred, the trial court fully admonished the jury to wholly disregard the unwarranted statements.

*Appeal from Polk District Court.*—W. H. McHENRY, Judge.

THURSDAY, JUNE 29, 1916.

REHEARING DENIED FRIDAY, NOVEMBER 17, 1916.

APPEAL by plaintiff from an order granting a new trial. —*Affirmed.*

*H. H. Sawyer* and *J. E. Holmes,* for appellant.

*C. J. Eller,* for appellees.

LADD, J.—I. On the former trial, the jury was directed to return a verdict for the defendant. On appeal, this ruling

was reversed. 167 Iowa 410. On remand, an amended and substituted petition was filed, to which Margaret C. Hawthorne answered. She also filed a counterclaim, which was replied to. The issues thus raised were included in the original pleadings. The cause was again tried and submitted to a jury, which returned a verdict for plaintiff. Thereupon, a motion for new trial was sustained generally, and the appeal is from this ruling. Thereupon, plaintiff moved that the court specify the grounds on which the order for new trial rested. This motion was overruled. Such a ruling is tantamount to saying that the order rested on all the grounds, for it cannot be assumed that any court would deny a party all the advantages won in a trial without being willing, on request, to specify the precise grounds for its action. It is easy for a party to conjure up any number of grounds, tenable or untenable, in a motion for new trial, and it would be unfair to litigants to rule thereon generally, without indicating what has led the court to declare the proceedings a mistrial and require all to be done over again. So it was said in *Loose v. Cooper*, 141 Iowa 377, that "it is better to set out the grounds of the ruling in the record." In *Turley v. Griffin*, 106 Iowa 161, it was said that "appellant was not interested in what plaintiff put in his motion, but only in what matters the court considered." See, also, *Hensley v. Davidson*, 135 Iowa 106. For these reasons, we shall assume that the court, in overruling the motion to specify grounds, asserted that all the grounds enumerated were well taken.

II. The evidence was substantially the same, in so far as it bore on the issues raised, as on the former trial, and, of course, in view of the opinion on the appeal, might not be challenged as insufficient to sustain the verdict returned. Two grounds of the motion, then, may be eliminated at the outset: " (4) the verdict is contrary to law; (8) there is no evidence to support the verdict."

*Marginal notes:*

1. NEW TRIAL: motion for: sustaining motion generally: effect.

2. NEW TRIAL: grounds: grounds once rejected on appeal.

The eighth ground, i. e., that "the verdict is excessive and no evidence to support the verdict as to amount of damages," may also be disregarded because the verdict assessing the damages in the sum of $330.70 was amply sustained by the evidence.

Four grounds of the motion are based on alleged error of the court in the first, second, fourth and fifth instructions to the jury. No objections whatever were urged against these

3. NEW TRIAL: grounds: erroneous instructions unquestioned by exception.

instructions previous to filing the motion for new trial, and no showing was made in said motion that an error in such instructions was not discovered at the time of the trial. This being so, neither the trial court nor this court may consider any objections or exceptions to said instructions. Section 3705-a, Code Supp., 1913; *State v. Nott,* 168 Iowa 617.

The only objection to Instructions 5½ and 6 urged prior to the reading of these to the jury, was that they authorized the assessment of the $50 paid down as part of the damages, in event recovery was had by plaintiff.

4. VENDOR AND PURCHASER: breach of contract: breach by vendor: measure of damages.

As will be recalled, the action is based on the alleged failure of defendant to perform a contract for the sale of house and lot in the city of Des Moines. Upon its execution, May 6, 1911, plaintiff paid on the purchase price the sum of $50. The court instructed the jury that, if they found for plaintiff, the measure of damages would be the difference between the contract price and the market value of the land, and, in Instruction 5½, that there should be added thereto the $50 paid. Manifestly, this was correct; for, if defendants declined to perform without legal justification for so doing, the plaintiff would be entitled to recover the money paid on the purchase price, together with the difference between the contract price and market value, if the latter is the more.

Another ground of the motions was that "the court erred in refusing to give instructions requested by the defendants." As none were requested, this is easily disposed of.

III. The sixth and seventh grounds of the motion are that the court erred in overruling objections to questions propounded by plaintiff, and in sustaining those to questions asked by defendants. Though a blanket assertion of this kind demands scant attention and is too indefinite for review on appeal, yet the rulings as made might be challenged as erroneous on appeal. For this reason, we have examined the record with care, and discover no errors in the rulings on the admissibility of evidence. Nor does counsel for defendants in his brief assert that any were committed.

5. NEW TRIAL: grounds: blanket assignments: appeal and error.

IV. The ninth ground was that "the jury found that the plaintiff was in default and subtracted the $87.50 from the amount allowed the plaintiff; that, when the plaintiff was in default, and the jury so found, as they advised this court, the plaintiff could not recover as a matter of law." By the terms of the contract, set out in our former opinion, plaintiff undertook to pay rent until September 15, 1911, when he was to pay $250, and $35 per month beginning then, until the price not otherwise provided for should be fully paid. The payments of $35 per month, beginning September 15, 1911, were not made; and the court told the jury that these, if not paid, should be deducted from damages allowed plaintiff. In other words, the $50 payment actually made might be recovered from defendants, but those matured but not paid, defendants might recover of him. Surely, defendants were not in a situation to complain, and this ground of the motion could not rightly have been sustained. Whether the interest on the purchase price or the fair rental value of the property while possession was enjoyed under the contract might properly have been taken into account in determining the amount of damages to be allowed, is an entirely different question.

6. NEW TRIAL: grounds: proceeding favorable to movant.

V. The only other ground of the motion was the alleged misconduct of plaintiff, acting as attorney *pro se,* in his closing argument to the jury, in exhibiting "a bundle of papers from

his inside pocket and stated to the jury that he had another note from Mr. McGregor or due to Mr. McGregor which he was to return after the case was over.'' Timely objection was interposed, which was sustained by the court, and jury admonished to pay no attention to the statement with reference to a note not offered in evidence, and advised that there was nothing in the case which permitted that kind of an argument, and ''you will pay no attention to it.'' ·

7. NEW TRIAL:
grounds: misconduct of counsel: admonition by court: effect.

That a different statement may have been made, or that that made was in response to something said by counsel for defendant, is not to be assumed *aliunde* the record before us. Nor can that asserted to have been said be justified by any evidence contained in the record. It appeared that the contract had been assigned to one McGregor, and, two months later, reassigned to plaintiff, and with reference thereto, the latter testified:

''I suppose the real consideration for the reassignment was the $100. No, it is not true that he kept the rent, $105, for three months and I kept the $100 paid to me. McGregor was in there only two months, and I paid him back, I think, $50 in cash, if I remember right. It is barely possible that this was a note. I think I answered in the former trial: 'He executed to me. I am not sure whether two notes or one. They were either two for $25 or one for $50—I am not sure—the whole amount was $50. He paid me $100 cash at the time he took up this deal.' ''

The note or notes, if any there were, were notes offered in evidence; and in any event, counsel referred to ''another note,'' and, moreover, stated what he was to do with it, plainly intimating that, if the case ended to suit him, it would be returned to McGregor, who appears to have been entirely without fault in the transaction. While the court erred in sustaining the eight grounds of the motion, we are not ready to say that it abused the large discretion reposed in the trial court in granting a new trial on the last ground. What was

said was by a party to the suit, and might well have been given greater consideration than by an attorney interested only by virtue of his representation of another. Moreover, the elimination of the interest of McGregor by the jury in settling upon a verdict might have been thought difficult. The trial court is in much better situation than is this court in weighing the influence of improper statements or argument on the minds of the jury; and, though we should have been quite willing to accept its judgment that the jury had observed its admonition to give counsel's statements no consideration, we are content not to interfere with its conclusion that the jury was unable so to do. Moreover, attorneys thoroughly understand the impropriety of going outside of the record in argument, and, though lapses are sometimes excusable as the result of zeal, counsel guilty of such impropriety are rarely in a situation to complain if the consequence is a denial of the fruits of victory, and the necessity of doing the work of the trial over again. Though we should have been quite as well satisfied had the ruling been the other way, we are agreed that it cannot be said from the record before us that there was abuse of the large discretion concerning such matters reposed in the trial court.—*Affirmed.*

EVANS, C. J., GAYNOR and SALINGER, JJ., concur.