CECELIA WILLIAMSON, Administratrix, Appellee, v. BARNEY BUNKERS, Appellant.

**NEW TRIAL:** Grounds—Misconduct of Jury—Inadequate Consideration. An order for new trial because of inadequate consideration of the case by the jury is peculiarly within the power and discretion of the trial court.

PRINCIPLE APPLIED: In a civil action for damages for wrongfully causing death, the jury was out about an hour, a considerable part of the time being consumed in getting supper. Clear directions had been given as to signing one of the submitted forms of verdict. Defendant's counsel had argued that a verdict for plaintiff was equivalent to finding defendant guilty of murder. The jury told the bailiff they were ready to report. They had not then signed the verdict, nor did they seem to know that such was their duty. The verdict was then signed by inserting "not guilty" after the verdict for defendant, and below the word "foreman." one juror signed his name. Whether the jury was afflicted with like aberration of mind during the trial did not appear.

*Held,* order for new trial would not be disturbed.

*Appeal from Plymouth District Court.*—W. D. BOIES, Judge.

MONDAY, FEBRUARY 19, 1917.

ACTION for damages resulted in a verdict for defendant. On plaintiff's motion, a new trial was granted, and from this ruling defendant appeals.—*Affirmed.*

*Kass Bros. & Sievers,* for appellant.

*C. A. Babcock,* and *McDuffie & Keenan,* for appellee.

LADD, J.—Trial resulted in a verdict in words and form following: "We, the jury,

NEW TRIAL: grounds: misconduct of jury: inadequate consideration.

find for the defendant, Barney Bunkers. Not guilty.

"Foreman

"H. A. Borger."

Thereupon, the plaintiff moved for new trial, stating 7 grounds. Among these were that the verdict was not the result of a fair and impartial consideration of the evidence; was not responsive to the testimony; was the result of passion and prejudice; that the jury was guilty of misconduct and, as shown by the verdict, did not comprehend and understand the evidence. Two forms of verdict had been submitted, and the court had instructed the jury:

"If you find for plaintiff, use form of verdict No. 1, writing in the amount which you find he is entitled to recover; if you find for defendant, use form of verdict No. 2; and the verdict agreed upon have your foreman sign and return into court herewith."

The jury used form of verdict No. 2, first inserting therein "Not guilty." It appears from the affidavits attached to the motion that counsel for defendant argued strenuously to the jury that to find for the plaintiff would be equivalent to convicting defendant of murder, and it is suggested that this accounts for the pains taken by the jury to amend the form of verdict thought sufficient by the trial court. It should also be said that a verdict was returned

in little more than an hour after submission of the case, the jury in the meantime being taken to supper a considerable distance from the court house. Upon being informed by the jury that they had agreed on a verdict, the bailiff inquired whether the foreman had signed it. One of the jurors answered, "Yes," and asked if it had to be signed. Being answered in the affirmative, and told to look at the instructions, one of them then signed as above. As the ruling of the court is not based on other matters appearing in the record, it is unnecessary to refer to them. After some of those making affidavits had been examined, counsel for plaintiff inquired whether the court cared to hear argument on the motion, to which the court responded:

"If you attorneys want to argue the question of the necessity of the jury paying some attention to the instructions of the court, you may do so. The court knows what time the jury retired to consider their verdict, and that was practically six o'clock, and within a little more than an hour after they had retired, they having gone to supper in the meantime, the clerk was notified that they had agreed, and he hunted up the court and notified the court that they had agreed upon their verdict. According to the bailiff's testimony, they had not signed the verdict, and some of them did not know that they had to. When they did sign it, instead of the foreman signing on the line as directed by the court for him to sign, they wrote in the words 'not guilty,' and some member of the jury signed it below. Unless you can argue the court out of the proposition that the jury should at least read the instructions, and when the last instruction tells them plainly where they should sign the verdict, and they do not regard that, and they bring in a verdict as soon as they can, in this case, the court is of the opinion that the parties should have a new trial."

After argument, the court continued:

"The only reason that the court has for setting aside

the verdict is the sincere belief that the jury did not give
this case the proper consideration it should have.  With
twelve intelligent men, with the very last paragraph of the
instructions speaking plainly as to their duty with refer-
ence to signing the verdict, didn't know how to sign it, it
shows that they didn't pay any attention to the court when
it read its instructions.  Now the court has some rights in
this case, and some duties to perform, as well as the attor-
neys.  Now outside of the bare fact of the conduct of the
jury in the jury room,  *  *  *  the court is taking into
consideration nothing else that is filed here in support of
this motion."

On suggestion by counsel for defendant that it should
not be ruled that the jury should stay out any particular
time, the court responded:

"You are begging the question.  I do not put it upon the
ground that the jury should stay out any certain length of
time, but I do put it upon the ground that they should pay
some attention to the instructions of the court, and that they
did not is indicated by the fact that they signed the verdict
as they did, and by the fact that they did not sign it as
they had been told in the last paragraph of the instruc-
tions."

What the court said in making the ruling shows beyond
question that it rested its ruling on the conclusion that the
jury failed to give the case proper consideration.  Surely
they were bent on letting defendant know they did not re-
gard him as guilty of murder!  They were not deterred from
amending the form of verdict even though this involved dis-
regarding the instructions of the court.  Though specifically
instructed by the court that the foreman sign the verdict,
they were not ready to comply until the bailiff had con-
curred!  Though the ruling was based on what actually
happened, the court was not required to close its eyes to the
course of the trial, the atmosphere surrounding it, the ap-

pearance of and attentiveness of the jury or want thereof, and the like, and what the court said does not indicate that it so did; but whether it did or not, the ruling was one peculiarly within the sound discretion of the trial court. Of course, a jury should return its verdict promptly upon reaching an agreement (*Farnsworth v. Fraser,* [Mich.] 100 N. W. 400), yet the time of deliberation was a proper matter to be taken into account in connection with the other circumstances recited, in ascertaining whether the case had received proper consideration, and the insertion of "not guilty" tended strongly to show that they were responding to the argument of appellant's counsel rather than to the issues submitted by the court. Foreign matter inserted in a verdict is usually regarded as surplusage, unless of a character to confuse its meaning. See *Kocher v. Palmetier,* 112 Iowa 84; *Cooper v. Mills County,* 69 Iowa 350. But the rule is not universal; for the matter may be such, as here, in view of the argument to them, as to indicate that the jury was undertaking to decide something other and instead of the issues submitted to it. Enough has been said to indicate that we are not inclined to interfere with the ruling of the trial court in granting a new trial. See *Lentz v. City of Dubuque,* (Iowa) 159 N. W. 570 (not officially reported); *Sawyer v. Hawthorne,* 178 Iowa 407.—*Affirmed.*

GAYNOR, C. J., EVANS and SALINGER, JJ., concur.