AYRES, Judge.
This is an action in tort wherein plaintiff, employed by the assignee of a lease on the involved premises, seeks to recover of the owners-lessors of the premises and of their public liability insurer damages allegedly sustained as a result of being struck in the fall of the two top sections of an overhead sliding door which broke loose from the tracks upon which the door was operating.
Negligence charged to the defendant owners of the property consisted of their failure to replace or repair the door when they allegedly knew, or should have known, of its defective condition. The defendants denied any knowledge of the alleged defects prior to the occurrence of the accident and denied responsibility therefor, contending it was the duty of the lessee, not only under LSA-C.C. Art. 2716 but under the terms of the lease assumed by plaintiff’s employer, to repair the door. In the alternative, defendants charged plaintiff with contributory negligence.
After trial, there was judgment in favor of plaintiff for the sum of $4,500.00. From the judgment thus rendered and signed, defendants appealed. Plaintiff, by answer to the appeal, seeks an increase in the award.
Plaintiff sustained the accidental injuries for which she seeks to be compensated in damages while engaged in the performance of her duties as manager of the Linwood Car Wash at 3120 Linwood Avenue in the City of Shreveport. The overhead sliding door at the entrance to the “car wash” is comprised of five horizontal panels. The panels are connected by hinges. Rollers on shafts at the ends of the panels operate in a curved track as the door is opened or closed. When pulled down, the door is locked by means of sliding pins, located on both sides of the door, which slip into slots appropriately located in the door facings.
Upon cessation of operations on the day of the accident, plaintiff proceeded to close the place of business. The sliding door was pulled down almost to the floor. While attempting to bring the door into a position so that the locking pins would slip properly into the slots, plaintiff gave a push downward on the door. As she did so the two top panels of the door fell, striking plaintiff on the head, back, and shoulders, and knocking her to the floor. After the accident, it was discovered that some of the hinges between the panels were warped and bent and that some of the rollers at their ends were missing. The track was so bent and so out of shape that a successful repair job would have required the installation of a new track in its place.
From our view of the merits of defendants’ alternative demand, we find it unnecessary to express an opinion as to the merits of their principal demands. From the record, we conclude that defendants’ plea of contributory negligence should have been sustained.
This plea is predicated upon two facts: (1) that plaintiff knew the door was defective, having been so warned as well as having seen the door fall on several prior occasions, and (2) that she walked under the door at the spot where the door panels had theretofore fallen, and pushed down on the door without looking at the panels to determine whether they were remaining in place.
Plaintiff was employed as the manager of the “car wash.” She was fully informed as to the defects in the door and the dangers inherent in its operation. These facts are established not only by plaintiff’s statement given on the fifth day after the occurrence of the accident, but also by her testimony during the trial. In the statement first referred to, plaintiff said:
“The top two panels on the door facing it from the inside have no rollers on *531 the left side and these two panels about 50% of the time, when the door was pulled down, would fall inward as they had no rollers to hold them up. About 50% of the time, provided the door was lowered real careful, the panels would not fall when the door was lowered. I was told about the panels falling inward and down when I first went to work at the Car Wash on March 14, 1965.”
During the trial, plaintiff testified that she knew not only from her own knowledge but from having been warned that the door was defective. Moreover, as she stated, she had seen the door fall quite often, averaging as many as two or three times a week. Nevertheless, while pulling or pushing downward on the door she never looked up to see whether any part of it was loose or out of place. Plaintiff testified that when first employed she was disturbed about the door but that as it fell so frequently she got accustomed to it.
In general, contributory negligence is merely another form of negligence, and is conduct for which a plaintiff is responsible, amounting to a breach of the duty which the law imposes on persons to protect themselves from injury, and which concurring and cooperating with actionable negligence for which a defendant is responsible, contributes to the injury complained of as a proximate cause. 65A C.J.S. Negligence § 116, p. 19.
It was observed in Normand v. Piazza (La.App.) 145 So.2d 110, 113 (4th Cir. 1962) that:
“Contributory negligence may be defined as a want of ordinary care on the part of a person injured by the negligence of another directly contributing to the injury as a proximate cause thereof without which the injury would not have occurred, or as an act or omission of the injured person which caused or contributed to cause the injury and which was not such as would have been done or committed by a person exercising ordinary prudence. The doctrine of contributory negligence rests in the law of torts as applied to negligence and is founded on the principle that no one is ever absolved from exercising reasonable and ordinary care for his own safety.”
More tersely stated:
“ ‘Contributory negligence is conduct on the part of the plaintiff, contributing as a legal cause to his damage, which falls below the standard to which he is required to conform for his own protection.’ Pros-ser on Torts (2nd ed., 1955), p. 283.” Levert v. Travelers Indemnity Company (La.App.) 140 So.2d 811, 815 (3d Cir.1962).
Thus, contributory negligence is, as the term denotes, negligence on the part of an injured person which contributes to an accident, that is, negligence having causal connection with the accident and but for which it would not have occurred. Theunissen v. Guidry, 244 La. 631, 153 So.2d 869 (1963); D & D Planting Co. v. Employers Casualty Co., 240 La. 684, 124 So.2d 908 (1960); White v. State Farm Mut. Auto Ins. Co., 222 La. 994, 64 So.2d 245, 42 A.L.R.2d 338 (1953).
Plaintiff’s conduct was clearly of such a nature as to constitute contributory negligence under the legal principles to which we have referred. She not only had full knowledge of the defects in the door but understood the likelihood of its f alling, and, ¡though appreciating the dangers inherent therein, nevertheless voluntarily placed herself in a position of danger. Thus, it can only, be concluded that plaintiff failed to exercise reasonable care for her own safety.
The judgment appealed is, therefore, annulled, avoided, reversed, and set aside; and,
Accordingly, for the reasons assigned, defendants’ plea of contributory negligence is sustained and plaintiff’s demands are rejected at her costs.
Reversed.