**Leonard CAVANAUGH, Appellant,**

**v.**

**Marvin JEPSON, Appellee.**

**No. 53469.**

Supreme Court of Iowa.

May 6, 1969.

Thomas L. McCullough, Sac City, and Paul J. Yaneff, Sioux City, for appellant.

John W. Gleysteen and William E. Kunze, Sioux City, for appellee.

LeGrand, Justice.

This is an action for personal injuries arising out of an automobile accident which occurred on a gravel road near Anthon, Iowa, on September 24, 1965. Plaintiff appeals from the trial court's refusal to grant him a new trial following a jury verdict for defendant.

Plaintiff claims the trial court erred as follows:

(1) In refusing to submit plaintiff's allegation of negligence based upon a violation of section 321.288, Code of Iowa;

(2) In handling the question of contributory negligence as it arose throughout the trial; and

(3) In giving an instruction on unavoidable accident.

We find no merit in the first two assignments but hold plaintiff is entitled to a new trial for reversible error by the trial court in instructing the jury on unavoidable or inevitable accident.

Because the same problems will undoubtedly confront the court on re-trial, we consider and discuss all issues before us.

The accident upon which this action is based occurred during daylight hours under ideal weather and road conditions. Plaintiff, a veterinarian, was driving his pickup truck south on the gravel road. He had been following a gasoline truck for three-tenths of a mile before reaching the place of the accident. Both vehicles were proceeding at a speed of approximately 35 M.P.H., and plaintiff was maintaining a distance of 50 to 75 feet from the rear end of the gasoline truck. He testified he "had a feeling the [gasoline truck] was going to turn into the Shever place." This is precisely what happened.

Plaintiff testified that when the truck turned into the Shever drive he was still 50 to 75 feet behind it and was then traveling about five miles per hour. When the gasoline truck was 60 feet into the farm lane, and when plaintiff was directly opposite this lane, he was struck from the rear by defendant's car.

Plaintiff testified he did not know defendant was approaching him from the rear. He did not see him at any time. He was "watching the gas truck and nothing else." His first knowledge of the presence of defendant's car was at the time of the impact itself, which came as a "terrible shock."

Defendant testified he was driving south at a speed of between 50 and 60 M.P.H. He approached the crest of a hill some 300 to 400 feet north of the point of impact and then saw both plaintiff's car and the gasoline truck preceding it. He took his foot off the accelerator but did nothing else to reduce his speed. Plaintiff's vehicle remained in his line of vision at all times from the moment he first saw it until the accident. He knew, too, plaintiff was following the gas truck. Defendant stated he was driving faster than plaintiff and was quickly overtaking him. Yet he did not apply his brakes until, as he says, he knew he was going to hit plaintiff's truck. He asserts plaintiff's car was at a complete stop when the accident occurred. Plaintiff contends he was still moving but admits it was at a very slow rate of speed.

There is no claim in the pleadings or the evidence that the driver of the gasoline truck was negligent or that his right turn into the Shever lane was made in an improper manner. Plaintiff's theory of the case is that defendant was negligent while defendant lays the blame on plaintiff. No other cause is offered by either.

I. Plaintiff first complains because the trial court refused to submit for the jury's consideration the specification charging defendant was negligent as follows:

"(e) In failing to reduce the speed of the motor vehicle when approaching a hill and steep descent, as provided in section 321.288, Code of Iowa."

This allegation is not in the precise language of the statute. However, it is clear plaintiff was entitled to have this charge submitted to the jury only if there was evidence defendant was at the time "approaching and traversing * * * a steep descent." This is the only portion of section 321.288 having any possible application here.

The trial court withdrew this ground of negligence, finding the record did not support the allegation. We agree with the trial court. Whether a specification of negligence should be submitted depends, of course, upon the evidence which supports it. Giving the testimony the interpretation most favorable to plaintiff, the record fairly shows the nearest hill crested some 350 feet north of the place of the accident. From that point on, there was only a "slight downgrade." This is not only the import of plaintiff's own testimony, but also that of his witness, Maurice Shever, in front of whose farm the accident occurred. The trial court found from the testimony and the photographic exhibits of the scene there was no "steep descent"

here. Under the record we hold the refusal to submit this issue was a proper exercise of the trial court's discretion. Gaskill v. Gahman, 255 Iowa 891, 895, 124 N.W.2d 533, 535, and citations.

II. Most of plaintiff's complaints are concerned with the question of contributory negligence, which was raised as an affirmative defense in defendant's answer.

Prior to the 1965 enactment of what is now section 619.17, Code of Iowa, a plaintiff seeking recovery for the alleged negligence of another was obliged to plead and prove his own conduct did not negligently contribute "in any manner or in any degree" to his injury or damage. Section 619.17 now provides a defendant seeking to rely upon plaintiff's negligence must assert that negligence by way of affirmative defense and prove it was a proximate cause of the damage for which plaintiff seeks to recover. As we pointed out in Matuska v. Bryant, Iowa, 150 N.W.2d 716, 723, the legislature could hardly have improved on the clarity of this section. It sets forth in succinct and unmistakable terms how the defense of contributory negligence is to be raised and what must be proved to bar recovery.

We fail to recognize all the bogeymen plaintiff professes to see in section 619.17, but we nevertheless feel obliged to consider his numerous scoldings about the trial court's handling of this matter throughout the trial.

He first objects to defendant's answer, which asserted "plaintiff was guilty of negligence which contributed to his own injuries and damages, if any, and which was a proximate cause of the accident and that the defendant was free from any negligence." Plaintiff insists this did not properly raise the issue of plaintiff's negligence as now required by section 619.17.

■ It is apparent defendant could not quite bring himself to accept the clear terms of the statute by simply alleging plaintiff's negligence and that it was a proximate cause of the accident. See Matuska v. Bryant, supra, at page 724 of 150 N.W.2d. The assertion that such negligence "contributed" to the accident smacks of the old rule prior to the enactment of section 619.17; and in pleading this defense there is simply no reason to recite defendant's freedom from negligence.

■ However, defendant's allegations included what is required under section 619.17—the claim that plaintiff was guilty of negligence which was a proximate cause of the accident. We find no merit in the argument this pleading is fatally bad because it tacked on other statements which were mere surplusage.

■ Plaintiff devotes considerable time and energy in attempting to persuade us, as he had attempted to persuade the trial court, that the term "contributory negligence" itself is no longer permissible and that the very use of the term is error. We cannot agree.

■ Historically the term "contributory negligence" was used simply to distinguish negligence on the part of the person seeking to recover damages from that of the person against whom a claim was made. In some states the burden is upon the plaintiff to show his freedom from contributory negligence. In others it is the defendant's duty to prove negligence on the part of the plaintiff. But no matter whose burden it is and no matter what must be proven, negligence of a plaintiff sufficient to bar his recovery is properly called contributory negligence. 65A C.J.S. Negligence § 116, pages 19, 22, 23; 38 Am.Jur., Negligence, section 174, page 848.

As illustrative of cases referring to this affirmative defense as contributory negligence under rules similar to our present statute, although not in all cases identical to it, see Ripp v. Riesland, 176 Neb. 233, 125 N.W.2d 699, 703; Cowan v. Dean, 81 S.D. 486, 137 N.W.2d 337, 341; Courtney v. Traders & General Insurance Co., La. App., 198 So.2d 529, 531; Hampy v. Mid-

west Hanger Co., Mo.App., 355 S.W.2d 415, 418; Sztaba v. Great Northern Railway Co., 147 Mont. 185, 411 P.2d 379, 390; Maser v. Klein, 224 Or. 300, 356 P.2d 151, 153; Warner v. Liimatainen, 153 Conn. 163, 215 A.2d 406, 408; Matt Skorey Packard Co. v. Canino, 142 Colo. 411, 350 P.2d 1069, 1071; General Portland Cement Co. v. Walker, C.C.A. 5, 293 F.2d 294, 298.

Although the matter now urged by plaintiff has not been heretofore presented to us, we have several times referred to the affirmative defense under section 619.17 as contributory negligence. Matuska v. Bryant, supra, 150 N.W.2d at page 724; Bauman v. City of Waverly, Iowa, 164 N.W.2d 840, 845. We mention, too, although not as controlling, that the Uniform Jury Instruction adopted by the Iowa State Bar Association designates such a defense as contributory negligence and that section 619.17 itself bears that title.

It was not error to call the "new" defense by its old name. The burden of proof has shifted, and so has the quantum, but it is still the defense of contributory negligence.

Plaintiff raises still another objection on this issue. Defendant plead plaintiff's negligence in general terms. He did not specify the particulars in which plaintiff was claimed to have been negligent. No motion for more specific statement was made. At the conclusion of the evidence, the court submitted two specifications upon which the jury might find plaintiff negligent. They were, first, failure to keep a proper lookout, and, second, stopping his vehicle on the highway without first giving an appropriate signal, in violation of section 321.316, Code of Iowa. Plaintiff argues strenuously that this constituted *pleading by the trial court* while section 619.17 requires *pleading to be done by the defendant*. Surely plaintiff cannot be serious about this objection.

It is an elementary rule that a general pleading of negligence will sustain a cause of action in the absence of a mo-

tion for more specific statement. Gordon v. Chicago, R.I. & P. Railway Co., 129 Iowa 747, 752, 106 N.W. 177, 178; Hanen v. Lenander, 178 Iowa 569, 575, 160 N.W. 18, 20; Gebhardt v. McQuillen, 230 Iowa 181, 185, 297 N.W. 301, 303; Rosin v. Northwestern States Portland Cement Company, 252 Iowa 564, 569, 107 N.W.2d 559, 562. See also Perry v. Eblen, 250 Iowa 1338, 1346, 98 N.W.2d 832, 837. When the *pleading* raises only the general issue of negligence, the trial court may, as it did here, submit for jury consideration those specific acts of which the party could be found negligent under the *evidence*.

But plaintiff further insists there was no evidence of either charge sufficient to permit submission to the jury. Again we disagree.

The duty to maintain a lookout to the rear is, of course, different than that to maintain a lookout to the front, but there is nevertheless a duty to maintain such a lookout under some circumstances. Jesse v. Wemer & Wemer Co., 248 Iowa 1002, 1011, 82 N.W.2d 82, 86; McCoy v. Miller, 257 Iowa 1151, 1157, 136 N.W.2d 332, 336. We feel the trial court was correct in submitting that issue under evidence from which it could be found plaintiff, although realizing the gasoline truck was to make a turn into a farm lane, followed it in such a manner that when the anticipated turn occurred, he was compelled to come to a complete stop to avoid hitting it. Under these circumstances a jury question was presented concerning plaintiff's duty to make some observation as to traffic approaching from the rear.

We also find sufficient evidence to justify the submission of plaintiff's possible violation of section 321.316, Code of Iowa. Mathews v. Beyer, 254 Iowa 52, 56, 116 N.W.2d 477, 480; Harris v. Clark, 251 Iowa 807, 813, 103 N.W.2d 215, 218. There was testimony which, if believed, would permit the jury to find plaintiff gave no signal of any kind before stopping, or that his brake lights were so dirty and

mud-caked a signal would not have been discernible. We agree with the trial court that this made a jury question.

■ Finally, plaintiff challenges Instruction 15, which defined negligence as applied to plaintiff's conduct. He says this instruction was prejudicial because it made no mention of proximate cause. We disagree. Proximate cause was properly described elsewhere and the jury was told it must find both negligence and proximate cause before the defense of contributory negligence was established.

■ We have often said instructions must be read as a whole. When this rule is followed here, there is neither uncertainty nor ambiguity about what the trial court meant. We know of no rule that negligence and proximate cause must be defined in the same instruction. The jury could not have been confused or misled by the instructions as given. There was no error here. Shank v. Wilhite, 256 Iowa 982, 985, 129 N.W.2d 662, 664; Ness v. H. M. Iltis Lumber Co., 256 Iowa 588, 592, 593, 128 N.W.2d 237, 239; Anthes v. Anthes, 258 Iowa 260, 267, 139 N.W.2d 201, 206.

Plaintiff raised several other objections dealing with statements made by opposing counsel on voir dire and in final argument. These statements apparently, gave the jury an incorrect rule of law to apply as to contributory negligence. The trial court found there was no prejudicial error. In view of the fact there must be a new trial for reasons set out in Division III, we need not consider that part of plaintiff's argument.

We find no reversible error in any of the objections urged by plaintiff to the manner in which contributory negligence was handled by the trial court.

III. The last assignment challenges the instruction on unavoidable or inevitable accident. No objection is made to the form of this instruction, but it is contended that it was error to submit this issue at all.

We have already indicated we agree with plaintiff and consider the instruction to be reversible error.

The trial court gave the following instruction:

"The law recognizes what is termed an unavoidable or inevitable accident. These terms do not mean that it was [im]possible to avoid an accident, but simply denote that the accident occurred without having been proximately caused by negligence. If you find, therefore, that the collision involved was an accident, happening without such negligence on the part of either of the drivers, you should then find that the defendant is not responsible to plaintiff and return a verdict accordingly for the defendant."

The law relative to this matter is at best murky. Some courts refuse to recognize the issue at all. Butigan v. Yellow Cab Co., 49 Cal.2d 652, 320 P.2d 500, 504, 65 A.L.R.2d 1, 6, 7; Tucson Rapid Transit Co. v. Tocci, 3 Ariz.App. 330, 414 P.2d 179, 188; Graham v. Rolandson, 150 Mont. 270, 435 P.2d 263, 272; Schaub v. Lineham, 92 Idaho 332, 442 P.2d 742, 746. See also Annotations, 65 A.L.R.2d 12, 27.

In the Butigan case the court said at page 504 of 320 P.2d, "In reality, the so-called defense of unavoidable accident has no legitimate place in our pleading. It appears to be an obsolete remnant from a time when damages for injuries to person or property directly caused by a voluntary act of the defendant could be recovered in an action of trespass and when strict liability would be imposed unless the defendant proved that the injury was caused through 'inevitable accident.'" And at page 505, the court added, "The instruction is not only unnecessary, but it is also confusing."

We have never gone so far as to condemn the doctrine of unavoidable accident, but it is virtually impossible to discover in our decisions any clear-cut approval of it.

In Orr v. Hart, 219 Iowa 408, 414, 258 N.W. 84, 88, although holding the instruc-

tion erroneous under the existing circumstances, we said, "We do not think the subject [unavoidable accident] had any pertinency to the case. *The record shows conclusively that this accident happened through the fault and negligence of one or both of the parties hereto.* The requested instruction advised the jury that it was permissible for them to find that the accident was inevitable and that it happened without fault of either party. No evidence was introduced that tended to sustain such theory. The evidence for defendant was to the effect that it occurred through the fault of the plaintiff. The evidence for the plaintiff was to the effect that it occurred through the fault of the defendant. There was no other agency responsible for the result. *If some other power had intervened over which neither party had any control,* such as a broken wheel or an exploding engine, a different question would be presented. * * *"  (Emphasis added.)

We believe that same observation could well be made under the record now before us.

Similar statements appear in Keller v. Gartin, 220 Iowa 78, 83, 261 N.W. 776, 779 and Christenson et al. v. Northwestern Bell Telephone Company, 222 Iowa 808, 813, 270 N.W. 394, 398. In both, the giving of an inevitable or unavoidable accident instruction was held to be reversible error. In Hansen v. Nelson, 240 Iowa 1298, 1308, 39 N.W.2d 292, 297, an unavoidable accident instruction was requested but not given. The opinion refers to such an instruction but does not discuss it except to say the issues were sufficiently covered by the instructions given.

■ We do not cite these cases because they are controlling here but simply to demonstrate the doctrine of unavoidable accident has no application where the issue is which of two litigants was negligent. Even when it has been held proper to give such an instruction, courts are careful to point out each case must be governed by

its own peculiar facts. We find no circumstances permitting the instruction here. The conclusion is inescapable that this collision was caused by the negligence of plaintiff or defendant or both. See collection of cases on rear-end accidents in Annotation, 65 A.L.R.2d 12, 72, where the author observes the theory has been held inappropriate in about two-thirds of all such accidents.

It is significant, too, we believe, that no claim of unavoidable accident was made in the pleadings or the evidence. Plaintiff claimed negligence by defendant; defendant relied on plaintiff's contributory negligence.

The only possible basis for the unavoidable accident instruction was the presence of the gasoline truck and its turn into the Shever farm. No one claims the driver of this truck was negligent nor that the turn was improperly made. We might mention the truck driver was not called to testify at the trial of this case.

Both parties knew the gasoline truck was there, and plaintiff at least knew it was to make a turn. There is no element of surprise; there is no circumstance which prevented the parties from guarding against this accident by the exercise of due care.

For cases with similar factual situations in which the unavoidable accident instruction was held improper, see Sullivan v. Laman, 150 Colo. 542, 375 P.2d 92, 93; Elder v. Marvel Roofing Co., 74 N.M. 357, 393 P.2d 463, 465; Matthews v. Hicks, 197 Va. 112, 87 S.E.2d 629, 632.

■ As said in Tyree v. Dunn, Okl., 315 P.2d 782, 784, the issue is one which occurs when all persons concerned are using ordinary care and if the result could have been predicted by either person by means suggested by common prudence it is not deemed unavoidable. See also Bolling v. Clay, 150 W.Va. 249, 144 S.E.2d 682, 688.

██ Under the circumstances here we hold when these two vehicles proceeded down the highway in the same direction on a dry road in broad daylight with unobscured visibility and the trailing vehicle struck the forward car, there was no basis upon which an instruction could properly permit the jury to find the result was an inevitable or unavoidable accident.

██ We hold submission of this issue to the jury was reversible error. It is argued, however, that even if erroneous, the instruction was nonprejudicial because the jury, before it returned its verdict, sent a written note out of the jury room saying, "We find both parties guilty." In denying plaintiff's motion for a new trial, the trial court relied heavily on this note and reached the conclusion the jury did not decide the case on the question of unavoidable accident. We do not believe this note can be considered in determining the basis for the jury's verdict any more than any other statement of one or more jurors could. The proceedings in the jury room and the manner in which the jury reaches its verdict, in the absence of misconduct or fraud, inhere in the verdict.

An oral statement, or even an affidavit, by a juror setting forth this same information could not be used to explain, enlarge, or set aside a verdict. We see no reason for a different rule here. We have several times held a note or written message attached to a verdict and not in response to an interrogatory was mere surplusage.

In the early case of Cooper v. Mills County, 69 Iowa 350, 351, 355, 28 N.W. 633, 636, the jury had inserted the words "not sufficient" beneath an instruction dealing with the manner in which a bridge had been built. We said, "But we do not think that we can go outside of the special and general verdicts, regularly rendered, for the purpose of penetrating counsels of the jury-room".

In Williamson v. Bunkers, 179 Iowa 485, 489, 161 N.W. 449, 450, appears this, "Foreign matter inserted in a verdict is usually regarded as surplusage, unless of a character to confuse its meaning."

More recently we followed the same rationale in Rancho Grande, Inc. v. Iowa State Highway Commission, Iowa, 156 N.W.2d 293, 298, where we said, "The grounds upon which the jurors assent to the verdict, where there has been no misconduct in bringing extraneous matters to the jurors' attention cannot be shown to impeach it, nor is it competent in this way to show the jury misunderstood the law which was correctly stated in the instructions. (Citations)

"The mass of back-and-forth arguments which no doubt occur in the jury room prior to the verdict are matters which inhere in the verdict although they oftentimes roam far afield. If we were to analyze and review and sometimes reject as misconduct all arguments and discussions in a jury room, there would never be a finality as to jury verdicts."

In Long v. Gilchrist, 251 Iowa 1294, 1300, 105 N.W.2d 82, 86, quoting from one of our earlier decisions, we said, "* * * affidavits of jurors may be received for the purpose of avoiding a verdict, to show any matter occurring during the trial or in the jury room which does not essentially inhere in the verdict itself; as that a juror was improperly approached by a party, his agent or attorney; that witnesses or others conversed as to the facts or merits of the cause out of court and in the presence of jurors; that the verdict was determined by aggregation and average or by lot, or by game of chance or other artifice or improper manner; but that such affidavit to avoid the verdict may not be received to show any matter which does essentially inhere in the verdict itself, as that the juror did not assent to the verdict; that he misunderstood the instructions of the court; the statements of the witnesses or the pleadings in the case; that he was unduly influenced by the statements or otherwise of his fellow jurors, or mistaken in his calculations of judgment, or other matter resting alone in the juror's breast."

Although there is no effort here to set aside a verdict, but merely to explain the basis for it, we are persuaded the same reasoning should apply. The rule that all such matters inhere in the verdict is a salutary one and should not be disturbed to meet the exigencies of a particular case.

For the reasons set out in Division III we hold plaintiff is entitled to a new trial.

Reversed and remanded.

All Justices concur.