CARL HOFFMAN, Appellee, v. LENA JONES, Appellant.

No. 45316.

NOVEMBER 12, 1940.

REHEARING DENIED FEBRUARY 21, 1941.

Henry P. Daly and John Connolly, Jr., for appellant.

Milton S. Weinberger, for appellee.

MITCHELL, J.—Carl Hoffman, the plaintiff, and Lena Jones, the defendant, are brother and sister. On the 29th of July, 1929, the defendant made, executed and delivered for a valuable consideration her one promissory note in writing, in the sum of $1,000 payable to the order of Carl Hoffman, with interest at the rate of 7 percent. On the 17th day of February, 1939, the plaintiff commenced this action, praying for judgment upon the note, together with interest and costs. The petition admits that the plaintiff has received payment of the sum of $225. The defendant filed answer, in which she admits the execution and delivery of the note sued on, but alleges by way of affirmative defense, that the said note has been paid in full. There was a trial, at which many witnesses testified, and the case was submitted to a jury, which returned a verdict for the plaintiff. The defendant being dissatisfied has appealed.

It is strenuously argued by the appellant that the verdict of the jury is not sustained by the evidence. There is a sharp conflict in the evidence. No possible good could be accomplished by setting it out. It was a question of believing one side or the other. The jury listened to the evidence, they saw the witnesses that testified, and as there is evidence to sustain the verdict, this court will not set aside the verdict of the jury.

The second error argued is that the jury was guilty of misconduct. There is an affidavit attached to the motion for a new trial. It was made by one of the jurors, who swears that in the deliberation in the jury room, there was much conversation among the members of the jury that there had been previous litigation between the parties to this action, and that a verdict for the plaintiff would bring an end to the litigation. The record in this case does show that there had been prior litigation, appellant herself so testified. The statements contained in the juror's affidavit do not go to prove or disprove any issue in the case for either party, and if this court was to set aside a jury verdict on such a showing, there would be no end to litigation.

In the very recent case of Keller v. Dodds, 224 Iowa 935, 939, 277 N. W. 467, 470, this court speaking through Justice Miller said:

"It has long been established that jurors should not be allowed to impeach their own verdict, and it seems to us that to permit a juror to testify by affidavit or otherwise, to the effect

that a certain conversation influenced him and caused him to reach a certain verdict, is violative of the rule that jurors should not be allowed to impeach their verdict, and that statements that such talk did in fact influence them inheres in the verdict itself.''

Finally it is argued that the court erred in failing to give certain requested instructions, with this we cannot agree. The instructions as given substantially included the requested instructions.

Finding no error, it necessarily follows that the judgment of the lower court must be and it is affirmed.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.