CONNIE JO ANN LONG, administratrix of estate of Bert Long, appellee, v. CHARLES H. GILCHRIST, appellant.

No. 50024.

(Reported in 105 N.W.2d 82)

SEPTEMBER 20, 1960.

Karl W. Fischer, Bordewick & Fischer, of Vinton, James W. Crawford, Franken, Keyes, Crawford & Bradley, and William R. Eads, all of Cedar Rapids, for appellant.

Kildee, Keith & Gallagher, of Waterloo, for appellee.

PETERSON, J.—This is an action for damages by the administratrix of the estate of her husband, Bert Long. He lost his life in an automobile collision on paved Highway No. 101, about one mile north of the city of Vinton.

Long was traveling north on the highway about 10:40 a.m., on June 22, 1958. Monti Keller, also killed, was with him.

A gravel road entered the highway from the east. This formed a T intersection, and was the point of collision.

Defendant approached the highway in his 1941 Chevrolet, and stopped 4 or 5 feet from the paving. He testified he looked north and south and saw nothing. He then proceeded onto the highway slowly and turned his car south on the west side of the road.

Bert Long reached the intersection immediately after defendant drove on the highway. The left front end of the Long car struck the left rear corner of defendant's car. While it damaged defendant's rear left fender, and knocked off part of his bumper and light lens, yet defendant testified: "a car came along and struck the back end of my car a slight blow. * * * I felt the fellow hit me but I didn't think it amounted to anything." He proceeded on into town without stopping.

The collision was sufficient to cause Long to lose control of his car. He turned toward the right on the gravel, at which point Mr. Keller was thrown out. His car then proceeded northeast, knocking over 4 or 5 guard posts. Three hundred thirteen

feet from point of impact the car rolled into a ditch 15 feet deep, coming at rest on its top.

The jury returned a verdict of $23,531.50 against defendant. Motion for judgment notwithstanding verdict, and for new trial were both overruled. Defendant has appealed.

He assigns three errors: Admission of opinion evidence of Highway Patrolman Lloyd Patterson; submission of Instruction No. 12 as to question of control of car; and misconduct of jury in connection with consideration of alleged extraneous evidence.

██ ██ I. Patrolman Patterson arrived at the scene a short time after the collision. He had been in the highway patrol service twelve years, and had investigated between six and seven hundred automobile collisions.

He testified: "I found the dirt and debris mixed with the dirt, taillight lens and pieces of taillight lens at the beginning of the skid marks. * * * Q. * * * can you determine the course of the Long car as you determined it on that day? * * * A. * * * to the northeast and into the ditch that runs along No. 101.

"Q. * * * Officer Patterson, from your observation on that day and your experience and training investigating automobile accidents, do you have an opinion as to where the point of impact was? [no objection] A. It is my opinion that the point of impact was five feet east of the center line of No. 101 and exactly twenty feet east of the south guardrail anchor post." (This post appears in the exhibits about opposite the south edge of the gravel road.)

Appellant's contention is that while the witness had a right to describe the physical conditions as he saw them, he had no right to draw any conclusions, nor offer any opinions, as to where the contact between the two cars occurred, nor what the skid marks showed as to the direction of the car from the point of contact to its destination in the ditch.

It is obvious the opinion rested on physical facts, clearly described by the witness.

The admission of the opinion evidence of Officer Patterson, under the facts in this case, rests in the discretion of the trial

court. We will not interfere unless such discretion is abused. We hold the discretion was not abused in the instant case. Grismore v. Consolidated Products Co., 232 Iowa 328, 342, 5 N.W.2d 646, 654; Knaus Truck Lines v. Commercial Freight Lines, 238 Iowa 1356, 29 N.W.2d 204, 210; Waterloo Sav. Bk. v. Waterloo, C. F. & N. R., 244 Iowa 1364, 1374, 60 N.W.2d 572; Brower v. Quick, 249 Iowa 569, 88 N.W.2d 120, 125. Also see 32 C. J. S., Evidence, section 449; 1 Wigmore, Evidence, section 682.

Appellant cites our recent case of Brooks v. Gilbert, 250 Iowa 1164, 98 N.W.2d 309, 312, in support of his position. It is not comparable to the case at bar. In the Brooks case the testimony of the officer as to point of contact was not based on evidence such as debris etc. seen by the officer. He fixed the point by what two small boys told him as to where the contact occurred, and we held his opinion could not be based on what someone else saw.

II. There is grave question as to whether appellant properly preserved his objection to Instruction No. 12. He did not fully object to the form nor language of the instruction.

At any rate, if he had been specific, we could not reverse, because defendant is in error as to the fundamental merits of his contention. On that basis we will give the matter brief consideration.

The instruction pertains to the necessity of defendant having his car under control. Appellant contends there was no evidence of excessive speed by defendant and therefore "control" was not in the case.

█ Control involves other elements than speed. The time of entering the paved highway, the manner in which defendant turned his car, and his care in avoiding an oncoming vehicle from the opposite direction are all involved in the question of proper control. Luther v. Jones, 220 Iowa 95, 261 N.W. 817, 821; Clayton v. McIlrath, 241 Iowa 1162, 1169, 44 N.W.2d 741, 745, 27 A. L. R.2d 307; Lynes v. Schmolt, 241 Iowa 1303, 1306, 45 N.W.2d 221, 222; Rogers v. Jefferson, 226 Iowa 1047, 1051, 285 N.W. 701; Dorman v. Service Sales Co., 241 Iowa 1182, 1184, 44 N.W.2d 716, 717; Arenson v. Butterworth, 243 Iowa 880, 887, 54 N.W.2d 557, 561.

■ In Arenson v. Butterworth, supra, the court said: "We have frequently pointed out that the question of control of a motor vehicle largely depends upon the surrounding circumstances of each case and is ordinarily for the jury."

III. Appellant contends the jury was guilty of prejudicial misconduct in connection with some discussion in the jury room about Long's speed.

After the close of all evidence the trial court ordered that the jury be taken to the scene of the collision. They were transported in three cars. Juror Harold Woods was the driver of one car. The bailiff, and jurors Mrs. Phyllis Harris, Mrs. Coral Sammons and Mrs. Helen L. Henecke were occupants of his car. He testified at times he drove as fast as 75 miles per hour. During the deliberations someone raised the question as to whether a speed of 75 miles per hour was a reasonable and proper rate of speed.

There was testimony by one witness that Mr. Long's speed at about the time of the accident was 75 miles per hour.

In her affidavit supporting the motion for new trial Mrs. Sammons said: "Juror Harold Woods, who was the foreman, then made the statement that when the jury was taken to the scene of the accident to view the premises during the course of the trial that at times he was driving 75 miles per hour and inquired if anyone noticed anything unsafe about the speed at which he traveled or felt unsafe in any manner or degree; * * *."

Juror Mrs. Harris stated that the above statement of Juror Woods influenced her decision somewhat to ultimately find for plaintiff. This is the basis for the charge of misconduct by the jury.

■ We cannot consider the mass of back-and-forth argument, in the jury room, entered into prior to the final verdict. All such matters inhere in the verdict. A juror cannot impeach his own verdict. If we were to analyze and review and sometimes reject as misconduct all arguments in a jury room, there would never be a finality as to jury verdicts. Even if the argument oftentimes roams far afield, it ultimately inheres in the unanimous verdict. Wright v. Illinois and Mississippi Telegraph

Co., 20 Iowa 195; Hall & Co. v. Robison, 25 Iowa 91; Clark v. Van Vleck, 135 Iowa 194, 112 N.W. 648; State v. Dudley, 147 Iowa 645, 653, 126 N.W. 812, 815; Jolly v. Doolittle, 169 Iowa 658, 667, 149 N.W. 890, 894; Kirchner v. Dorsey & Dorsey, 226 Iowa 283, 284 N.W. 171; Hoffman v. Jones, 229 Iowa 333, 294 N.W. 588; Nicholson v. City of Des Moines, 246 Iowa 318, 67 N.W.2d 533, 541; Olesen v. Henningsen, 247 Iowa 883, 77 N.W.2d 40, 43; 53 Am. Jur., Trial, section 911.

▬▬▬ The line of demarcation between what may be considered in an affidavit as to misconduct and what not was clearly drawn in the very early case of Wright v. Illinois and Mississippi Telegraph Co., supra, where it is said at page 210 of 20 Iowa:

"That affidavits of jurors *may be received for the purpose of avoiding a verdict,* to show any matter occurring during the trial or in the jury room, *which does not essentially inhere in the verdict itself,* as that a juror was improperly approached by a party, his agent, or attorney; that witnesses or others conversed as to the facts or merits of the cause, out of court and in the presence of jurors; that the verdict was determined by aggregation and average or by lot, or by game of chance or other artifice or improper manner; but that such affidavit to avoid the verdict *may not be received to show any matter which does essentially inhere in the verdict itself,* as that the juror did not assent to the verdict; that he misunderstood the instructions of the court; the statements of the witnesses or the pleadings in the case; that he was unduly influenced by the statements or otherwise of his fellow jurors, or mistaken in his calculations or judgment, or other matter resting alone in the juror's breast." (Emphasis ours.)

▬▬▬ About 100 years later, in the recent case of Nicholson v. City of Des Moines, supra (page 332 of 246 Iowa), we quoted from State v. Dudley, supra, as follows: " 'Affidavits of jurors that they have been unduly influenced by their fellows, or of the reasons for assenting to the verdict, or of improper arguments resorted to in the jury room, or that they did not assent to the verdict, or that it was not the result of their deliberate judgment, or they did not understand the instructions of the

court as these matters inhere in the verdict, are incompetent, and cannot be received to impeach the jury's findings.' "

In the case at bar the alleged misconduct was not of such type to justify reversal.

The case is affirmed.—Affirmed.

LARSON, C. J., and BLISS, GARFIELD, HAYS, THOMPSON, and GARRETT, JJ., concur.

THORNTON, J., takes no part.

OLIVER, J., not sitting.