Renee Dawn OSTERFOSS, a Minor, by Karen Osterfoss, her next friend, Appellee,

v.

ILLINOIS CENTRAL RAILROAD, a Corporation, et al., Appellants.

Karen OSTERFOSS, as Administrator of the Estate of C. DeVerne Osterfoss, Deceased, Cross-Appellant,

v.

ILLINOIS CENTRAL RAILROAD, a Corporation, Cross-Appellee.

No. 55739.

Supreme Court of Iowa.

Feb. 20, 1974.

Kersten, Opheim, Carlson & Estes, Fort Dodge, for appellants and cross-appellee.

Stewart H. M. Lund and Patrick B. Chambers, Webster City, for appellee and cross-appellant.

Heard before MOORE, C. J., and Le-GRAND, UHLENHOPP, REYNOLD-SON and HARRIS, JJ.

LeGRAND, Justice.

These appeals arise out of an accident which occurred on March 7, 1968, when one of defendant railroad's trains struck an automobile at a railroad crossing running through Webster City. A jury trial resulted in a verdict in favor of defendants on the wrongful death claim brought by the administrator of the estate of C. De-Verne Osterfoss, driver of the vehicle involved. The same jury awarded $60,000.00 to Renee Dawn Osterfoss, decedent's minor daughter, who was a passenger in the car at the time of the accident. The unsuccessful parties appealed from the judgments entered on these two jury verdicts, and we affirm in each instance.

We recite the facts only briefly here, reserving for later discussion those circumstances which are important to a determi-

nation of the issues raised. For convenience we refer to the Illinois Central Railroad as though it were the sole defendant.

At the time of the fatal accident, decedent was driving his automobile south on Des Moines Street in Webster City. His four-year-old daughter, Renee, was with him. Des Moines Street is intersected by tracks of the defendant railroad. The crossing is protected by automatic flashing signals with synchronized bells to warn those approaching from either direction. As decedent crossed the railroad tracks, his car was struck by a westbound freight train operated by defendant railroad. The accident caused his death and inflicted serious personal injuries on Renee. Eventually litigation ensued with the results already noted.

From the verdicts, it is obvious the jury found defendant guilty of negligence which was a proximate cause of the accident; that they also found decedent guilty of contributory negligence which was a proximate cause of the accident; and that they found the minor passenger free from any negligence which was a proximate cause of the accident.

I. We dispose first of the cross appeal by the administrator of decedent's estate. She relies on these three grounds for reversal:

(1) Failure to submit an instruction on defendant's violation of a Webster City speed ordinance;

(2) Failure to give the administrator's requested instruction dealing with the dangerous nature of the crossing;

(3) Error in giving instructions relating to decedent's duty in approaching and crossing the intersection.

II. It is difficult to understand the administrator's first objection since a proposed instruction on the city's speed ordinance was deleted by agreement of counsel. Under such circumstances, of course, that matter is not an issue here.

III. The remaining two issues presented for review assail the trial court's instructions on the relative duties of the parties as they approached the crossing where the accident occurred. The administrator says, first, that it was error not to give her requested instruction on the defendant's duty at that time and place; and, second, she asserts the instructions which were given as to her decedent's obligation were erroneous.

Without prolonged discussion, we hold these claims are without merit. The instructions as given adequately set out the duties of the parties. What the administrator really complains of is that the instructions did not emphasize the circumstances favorable to her. Of course, this is just what instructions should avoid. Hoyt v. C. R. I. & P. Railroad Co., 206 N. W.2d 115, 120 (Iowa 1973); Andrews v. Struble, 178 N.W.2d 391, 400 (Iowa 1970).

We believe the requested instruction was properly refused. If given, it would have raised serious questions under the doctrine of those cases.

We also believe the instructions dealing with decedent's duty to use due care as he approached the crossing are not open to fair criticism. Counsel seems to feel he could have said it better. Whether true or not, this does not make the instructions bad. If an instruction covers the legal principles involved as they are raised by the facts of the case, the trial court has the right to choose its own language to best accomplish that purpose. State v. Jones, 193 N.W.2d 509, 514 (Iowa 1972).

IV. Finding no reversible error on the administrator's appeal, we affirm the judgment in favor of the defendant railroad on the wrongful death claim.

V. Turning now to the defendant's appeal from the judgment in favor of the minor passenger, we set out the errors which they say entitle them to a reversal. They are:

(1) Error in failing to direct a verdict on the ground decedent's negligence was

the sole proximate cause of the injuries to Renee;

(2) Error in failing to grant a new trial for alleged jury misconduct;

(3) Error in failing to grant a new trial because the jury disregarded the court's instructions in awarding damages;

(4) Error in refusing to order a remittitur on the grounds the verdict is excessive and, as a related issue, failure to grant a new trial because the verdict resulted from passion and prejudice.

VI. All except the first of these refer to jury conduct—or misconduct. We consider them before discussing the claim defendant was entitled to a directed verdict.

Defendant asserts the award of $60,000.-00 to Renee was both excessive and was the result of passion and prejudice. As part of this issue, we consider the related claim that the jury disregarded the court's instructions and improperly awarded Renee damages to which the estate of her father would have been entitled had the jury found for the administrator. In other words, the defendant claims that, although the jury found against the administrator, damages were nevertheless awarded on the loss suffered by the estate.

█ We have frequently considered the size of verdicts. The general rule is that a verdict will not be set aside or modified unless it is (1) flagrantly excessive or inadequate; or (2) so out of reason as to shock the conscience or sense of justice; or (3) raises a presumption it is the result of passion, prejudice or other ulterior motive; or (4) is lacking in evidential support. Schmitt v. Jenkins Truck Lines, Inc., 170 N.W.2d 632, 659 (Iowa 1969).

The evidence before us shows that Renee, a four-year-old girl, was seriously injured. When first admitted to the hospital, she was "very pale, had a very rapid pulse, and showed signs of shock." She also had lacerations of the forehead, lower lip and right eye. She was cut about the face,

wrist and knees. She had a fracture of the left collarbone, the left humerus and of the fourth and fifth ribs. Later it was discovered she also had a nondisplaced fracture of both bones of the left wrist. For the first 24 hours after the accident, she was in critical condition. She was nervous and irritable, requiring sedation for several weeks. She was hospitalized from March 7, 1968, until April 2, 1968. The lacerations about her face and body required 19 sutures, 10 on the face. Because of her condition immediately after the accident, the facial cuts were sutured without having been first cleansed. This has had some effect on the permanency of her scars because dirt and foreign matter have a tendency to show through the skin.

There are three scars on her chin and two on her forehead. The foreign material above referred to showed through the skin after suturing, a condition which the doctor referred to as a "tattoo." Surgery was performed to make these scars less noticeable. Although her appearance is now improved, the remaining scars are permanent. There is medical testimony that further surgery should not be attempted. One scar on her forehead was not operated on. The doctor states that he does not recommend surgery to improve this scar—unless it should be desired for cosmetic reasons. In any event, future surgery or not, Renee will bear permanent scars as a result of this accident.

There is testimony about her pain for a considerable period after the accident. While the pain was not described as unusually severe, it was present and caused discomfort.

Mrs. Osterfoss testified concerning her daughter's injuries, including pain, and the fact that she suffered trauma and shock. For some time the little girl had trouble sleeping and would wake up and cry out frequently during the night.

The doctors agree that Renee has had a good recovery except for trauma to her nervous system and for facial scarring.

Otherwise her recovery may be regarded as complete.

■ Despite defendants' argument, there is nothing in this record to suggest the verdict was the result of passion or prejudice. It goes without saying a jury looks with compassion on the claim of a little girl who endures what Renee suffered here and who will bear facial scars from the ordeal the rest of her life. These are matters which inevitably, and quite properly enter into a jury's deliberations. They involve neither passion nor prejudice.

■ Neither do we find the verdict "flagrantly excessive." Though substantial and, arguably, generous, it has ample evidentiary support and we see no reason to interfere with it. Rosenau v. City of Estherville, 199 N.W.2d 125, 137 (Iowa 1972); Ives v. Swift & Company, 183 N.W.2d 172, 177, 178 (Iowa 1971); Schmitt v. Jenkins, supra, 170 N.W.2d at 659–662. As we said in Pagitt v. City of Keokuk, 206 N.W.2d 700, 707 (Iowa 1973), when dealing with damages for which there is no fixed or calculable standard, the answer must be left to the good judgment of the jury.

■ VII. Defendant also argues the verdict cannot stand because the jury disregarded the court's instructions, basing its award on damages which would have been allowable to the estate of Renee's deceased father but which were not allowable to her. To support this claim, defendant secured affidavits from a number of jurors relating some of the matters discussed in arriving at the verdict. Defendant claims these affidavits show the jury relied on matters outside the scope of the instructions which were clearly improper. Assuming, without deciding, defendant's claim has substance, nevertheless these are elements which inhere in the verdict and which cannot be used to impeach it. See King v. Barrett, 185 N.W.2d 210, 213 (Iowa 1971); Long v. Gilchrist, 251 Iowa 1294, 1299, 1300, 105 N.W.2d 82, 85, 86 (1960); Hackaday v. Brackelsburg, 248 Iowa 1346, 1351, 85 N.W.

2d 514, 516, 517 (1957); Hicks v. Goodman, 248 Iowa 1184, 1195, 85 N.W.2d 6, 12 (1957); Nicholson v. City of Des Moines, 246 Iowa 318, 332, 67 N.W.2d 533, 541 (1954); In re Estate of Murray, 238 Iowa 112, 120, 26 N.W.2d 58, 62, 63 (1947); Hoffman v. Jones, 229 Iowa 333, 334, 294 N.W. 588, 589 (1940); Keller v. Dodds, 224 Iowa 935, 943, 944, 277 N.W. 467, 470 (1938); Gregory v. Kirkman Consolidated Independent School District, 193 Iowa 579, 582, 187 N.W. 553, 554 (1922).

VIII. Defendant also asserts misconduct of one of the jurors demands a reversal and a new trial. This juror made independent and unauthorized visits on two separate occasions during the trial to view the crossing where the accident occurred. It may be conceded that this was improper. However, it is not enough alone to warrant a new trial. The reasonable probability that such conduct influenced the verdict must also be shown. In re Estate of Cory, 169 N.W.2d 837, 844 (Iowa 1969); Mead v. Scott, 256 Iowa 1285, 1289, 1290, 130 N.W.2d 641, 644 (1964); Hamdorf v. Corrie, 251 Iowa 896, 913, 914, 101 N.W.2d 836, 846 (1960). On this question generally see Jury Misconduct in Iowa, 20 Drake L. Rev. 641 (1971); Note, 10 Drake L.Rev. 126, 127 (1961); and Annot. 11 A.L.R.3d 918 (1967).

In the recent case of King v. Barrett, supra, 185 N.W.2d at 213, we reversed a jury verdict because one of the jurors had undertaken a test of the road in question, had made observations and related his findings to the jury.

On the other hand, we have frequently said that the improper conduct of a juror in viewing the scene of an accident will not justify a new trial unless it is shown the verdict was probably influenced by such actions. This is the holding in Mead v. Scott, supra, where three jurors viewed the scene. There we said:

"Of course it was misconduct for the three jurors to visit the place of accident. * * * But misconduct of the

jury is not a ground for new trial unless it 'materially affected * * substantial rights' of the 'aggrieved party' or 'prevented the movant from having a fair trial'. * * *

"We have held many times that to justify a new trial because of misconduct of jurors it must appear the misconduct was calculated to and it is reasonably probable did, influence the verdict. Also the trial court has a good deal of discretion in passing on such a ground. We will not interfere with his ruling unless it is reasonably clear such discretion has been abused."

See also Skinner v. Cron, 206 Iowa 338, 343, 344, 220 N.W. 341, 342, 343 (1928) (where an unauthorized viewing of the scene was held to be prejudicial) and State v. Little, 164 N.W.2d 81, 83 (Iowa 1969) (where such conduct was held to be not prejudicial.)

In State v. Little, supra, we also repeated what we had often said before—this matter lies largely within the discretion of the trial court, whose holding will not be set aside on appeal except upon a showing that such discretion was abused. Rancho Grande, Inc. v. Iowa State Highway Commission, 261 Iowa 861, 156 N.W.2d 293, 298, 299 (1968); Fordyce v. Cappel, 257 Iowa 763, 764, 765, 133 N.W.2d 664, 665 (1965); Mead v. Scott, supra; Bashford v. Slater, 250 Iowa 857, 867, 96 N.W.2d 904, 910, 911 (1959).

■ In the present case the juror who acted improperly stated by affidavit that she "drove up and viewed the crossing where Renee Osterfoss was injured, both noons during the trial." She stated it was a dangerous crossing and that the jury considered that this was a dangerous crossing. There is no showing she communicated her findings to the other jurors. There was considerable evidence bearing on the dangerous nature of this crossing. It is unlikely this observation by a single juror had any influence on the ultimate verdict.

We agree with the trial court's denial of a new trial on this ground.

IX. The remaining question concerns the trial court's refusal to direct a verdict on the alleged ground decedent's negligence was the sole proximate cause of the accident. It is worthy of mention that defendant does not claim there was insufficient evidence of negligence to submit to the jury, although that was one basis for the motion when made. Here, however, only the matter of proximate cause is argued.

■ Whether negligence, once proven, was a proximate cause is ordinarily for jury determination. Only in exceptional cases may the issue be decided as a matter of law. Rule 344(f)(10), Rules of Civil Procedure. In ruling on such a motion the evidence is appraised in the light most favorable to the one against whom the motion is made. Rule 344(f)(2), R.C.P. We do not consider this one of the exceptional cases referred to in rule 344.

Three allegations of negligence against defendant were submitted to the jury— speed, lookout, and warning. There were also three specifications presented based on decedent's negligence—lookout, control, and failure to stop before crossing the tracks.

The jury found both defendant and decedent negligent. In such circumstances it is customary for each guilty party to point the finger of proximate cause at the other.

■ There may, of course, be more than one proximate cause of an accident. Andrews v. Struble, 178 N.W.2d 391, 398 (Iowa 1970); Nexera v. Wathan, 159 N.W.2d 513, 518 (Iowa 1968). We believe there was substantial evidence from which the jury was justified in finding the negligence of both defendant and decedent proximately caused this accident. The trial court correctly denied defendant's motion for directed verdict on the ground decedent's negligence was the *sole* proximate cause of this accident.

X. Finding no reversible error on defendant's appeal, the judgment for Renee Osterfoss is affirmed.

Affirmed on both appeals.