**IN THE COURT OF APPEALS OF IOWA**

No. 22-0537
Filed March 29, 2023

**ESTATE OF JUDITH M. ELLERIE, by its Co-Executors JAMIE L. ELLERIE and LISA M. BODNAR,**
    Plaintiff-Appellant,

**vs.**

**RYAN P. CLOOS, D.O. and DUBUQUE ORTHOPAEDIC SURGEONS, P.C.,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Dubuque County, John Bauercamper, Judge.

A plaintiff appeals the denial of a motion for new trial in a medical malpractice action. **REVERSED AND REMANDED.**

Frederick W. James of The James Law Firm, P.C., Des Moines, for appellant.

Alexander C. Barnett, Ian J. Russell, and Robert V.P. Waterman Jr. of Lane & Waterman LLP, Davenport, for appellee.

Considered by Ahlers, P.J., and Chicchelly and Buller, JJ.

**AHLERS, Presiding Judge.**

Dr. Ryan Cloos surgically replaced Judith Ellerie's right knee. Unfortunately, the procedure did not go according to plan. Ellerie complained of a popping noise post operation. An x-ray showed her femur fractured.

Ellerie underwent surgery to fix the fractured femur using a plate and screws. After setting the plate, Dr. Cloos was unable to add a third screw above the fracture without removing the plate and starting over. He chose not to start over to avoid prolonging the procedure and increasing the risk of complications.

Ellerie reported severe "pain from the knee up to the hip." X-rays showed the plate had shifted upward and the "lag screw" "backed out." Dr. Cloos performed a third surgery and replaced the plate and screws. After the third surgery, Ellerie developed an infection.

Unsatisfied with her care, Ellerie brought this medical malpractice action against Dr. Cloos and his employer, Dubuque Orthopaedic Surgeons, P.C. (collectively, "Cloos"). Ellerie died before this case went to trial. The district court permitted the co-executors of her estate to be substituted as the plaintiff in this action. *See* Iowa Code §§ 611.20, .22 (2019) (permitting legal representatives of a deceased party to continue the action); Iowa R. Civ. P. 1.221 (permitting substitution of parties as permitted by statute upon death of a party).

At trial, the parties disagreed about a jury instruction about alternative methods of treatment. After hearing arguments that included a verbatim recital of the proposed instruction, the court overruled the estate's objection and announced it would give the instruction proposed by Cloos. However, the instruction actually

submitted to the jury was not the instruction proposed by Cloos and approved by the court. The jury ultimately found in favor of Cloos.

Ellerie's estate moved for new trial based on the jury instruction and an allegedly improper comment made by defense counsel during closing argument. The court denied the motion, and the estate appeals.

We review challenges to jury instructions for legal error. *Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699, 707 (Iowa 2016). "Errors in jury instructions merit reversal when prejudice results." *State v. Coleman*, 907 N.W.2d 124, 138 (Iowa 2018). Prejudice results when the jury instruction materially misstates the law or misleads the jury. *Id.* An instruction is "misleading or confusing if it is 'very possible' the jury could reasonably have interpreted the instruction incorrectly." *Rivera v. Woodward Res. Ctr.*, 865 N.W.2d 887, 902 (Iowa 2015) (citation omitted).

The estate argues jury instruction sixteen misled the jury because it lacked an if/then statement. Cloos contends error is not preserved on this specific claim because the estate never objected to the lack of an if/then statement when the parties discussed jury instructions. However, due to the fact that the jury instruction discussed at the final jury instruction conference was not the instruction actually given, neither party had an opportunity to object to the instruction submitted to the jury.

The instruction, as submitted to the jury, provided:

> Physicians may disagree in good faith upon what would be the proper treatment of a medical condition in a given situation. It is for the physician to use his or her professional judgment to select which recognized alternative courses of action which have been recognized by the medical profession as proper methods of treatment and the defendant in the exercise of this best judgment

elected one of these proper alternatives, then the defendants were not negligent.

Contrast that instruction with Cloos's proposed instruction, which the parties actually discussed at the final jury instruction conference. Cloos's proposed instruction included an if/then statement, reading:

> Physicians may disagree in good faith upon what would be the proper treatment of a medical condition in a given situation. It is for the physician to use his or her professional judgment to select which recognized method of treatment to use in a given situation. If you determine that there were two or more recognized alternative courses of action which have been recognized by the medical profession as proper methods of treatment and the defendant, in the exercise of this best judgment, elected one of those proper alternatives, then defendants were not negligent.

The court agreed to use Cloos's proposed instruction. As no record was made about the change, we assume it resulted from a scrivener's error that unintentionally omitted a portion of the proposed instruction in a manner that removed the if/then statement.[1]

This change significantly altered the meaning of the instruction. When the court revises an instruction after the time for the parties to review and object to jury instructions passes, a party may make specific objections to the revised instruction in a motion for new trial to preserve error. *See* Iowa R. Civ. P. 1.924. That is

---

[1] Below is the original instruction the court announced it would give with the portion omitted from the instruction actually given to the jury underlined:

> Physicians may disagree in good faith upon what would be the proper treatment of a medical condition in a given situation. It is for the physician to use his or her professional judgment to select which recognized <u>method of treatment to use in a given situation. If you determine that there were two or more recognized</u> alternative courses of action which have been recognized by the medical profession as proper methods of treatment and the defendant, in the exercise of this best judgment, elected one of those proper alternatives, then defendants were not negligent.

precisely what occurred here—the estate preserved error on its "if/then challenge" by raising the issue in its motion for new trial.[2]

On the merits, we start by acknowledging that instructions do not need to be perfect or worded in any particular way. *See, e.g., Rivera*, 865 N.W.2d at 902 ("In determining whether an instruction is inaccurate, misleading, or confusing, we look to the instructions as a whole and do not require perfection."); *Osterfoss v. Ill. Cent. R.R.,* 215 N.W.2d 233, 235 (Iowa 1974) ("Counsel seems to feel he could have said it better. Whether true or not, this does not make the instructions bad. If an instruction covers the legal principles involved as they are raised by the facts of the case, the trial court has the right to choose its own language to best accomplish that purpose."). But the instructions do need to accurately state the law. *Heldenbrand v. Exec. Council of Iowa*, 218 N.W.2d 628, 637 (Iowa 1974) ("[T]he court must correctly state the law and confine it to [the] factual situation [in the record]. A misstatement of the law in an instruction to a jury is reversible error."). Further, misleading jury instructions are prejudicial and require reversal. *Rivera*, 865 N.W.2d at 892.

Here, we agree with the estate that instruction sixteen as presented to the jury misled the jury by its phrasing. By omitting the operative "if/then" language from the proposed instruction, the instruction transformed from an instruction *asking* the jury to decide whether an alternative approved method of treatment was

---

[2] We recognize that neither party's brief addresses the unannounced change in the instruction and its impact on when a party must raise an objection in order to preserve error. Nonetheless, the estate's brief directed us to Iowa Rule of Civil Procedure 1.924 in discussing when parties must object to instructions. And rule 1.924 provides the answer to this unique circumstance. So, we conclude the estate did enough to get its "if/then challenge" in front of this court.

used (which, if so found, would preclude a negligence finding) to an instruction *directing* the jury that Cloos did employ an alternative approved method of treatment and was not negligent. In short, removal of the if/then phrasing in instruction sixteen effectively and improperly turned the instruction into a directive to the jury and foreclosed its ability to determine whether the elements of the marshalling instruction were met.[3] Accordingly, we conclude the instruction was prejudicial and necessitates reversal with a new trial. Because we reverse and remand for new trial on the first challenge to the jury instruction, we do not address the estate's remaining challenges to the instruction or its challenge to defense counsel's closing argument.

**REVERSED AND REMANDED.**

---

[3] The marshalling instruction stated:

The plaintiff, Estate of Judith M. Ellerie, must prove all of the following propositions in order to recover damages:

1. The defendants, Ryan P. Cloos, D.O. and Dubuque Orthopaedic Surgeons, P.C., were at fault due to negligence in failing to properly repair Judith M. Ellerie's right distal femur fracture on July 28, 2017.

2. The defendants' negligence was a cause of damage to the plaintiff's decedent, Judith M. Ellerie.

3. The amount of damage.

If the plaintiff has failed to prove any of these propositions, the plaintiff is not entitled to damages. If the plaintiff has proved all of these propositions, the plaintiff is entitled to damages in some amount.